PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

United States District Court for the Eastern District of Louisiana

Docket or Case No:

Place of Confinement: Elayn Hunt Correctional Center
Prisoner No.: 333536

TROY KEITH GUIDERA
[Petitioner]
v.
ROBERT C. TANNER, Warden
[Respondent(s)]

TENDERED FOR FILING
DEC -2 2015
U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

15-6512
SECT. F MAG. 4

The Attorney General of the State of Louisiana

## PETITION

1. (A) Name and location of court which entered the judgment of conviction you are challenging:
   22nd J.D.C. 701 Columbia St., Covington, La. 70434

   (B) Criminal docket or case number (if you know): Docket # 482123, Division "A"

2. (A) Date of judgment of conviction (if you know): June 21, 2010

   (B) Date of sentencing: June 21, 2010; resentenced September 27, 2010; amended December 6, 2010

3. Length of sentence: 20 years

4. In this case, were you convicted on more than one count or of more than one crime? Yes [ ] No [√]

5. Identify all crimes of which you were convicted and sentenced in this case: LA. R.S. 14:98 4th offense driving while intoxicated.

6. (A) What was your plea? (Check one)
   (1) Not guilty [ ] (2) Guilty [ ] (3) Nolo contendere (no contest) [√] (4) Insanity plea [ ]

   (B) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead not guilty to?: **n/a**

   (C) If you went to trial, what kind of trial did you have? (Check one) Jury [ ] Judge only [ ] **n/a**

1

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing? Yes [ ] No [ ] **n/a**

8. Did you appeal from the judgment of conviction? Yes [ ] No [√]

9. If you did appeal, answer the following: **n/a**

   (A) Name of court: Louisiana 1st Circuit Court of Appeals **n/a**

   (B) Docket or case number (if you know): **n/a**

   (C) Result: **n/a**

   (D) Date of result (if you know): **n/a**

   (E) Citation to the case (if you know): **n/a**

   (F) Grounds raised: **n/a**

   (G) Did you seek further review by a higher state court? Yes [ ] No [ ] **n/a**
       If yes, answer the following:

       (1) Name of court: Louisiana State Supreme Court

       (2) Docket or case number (if you know): **n/a**

       (3) Result: **n/a**

       (4) Date of result (if you know): **n/a**

       (5) Citation to the case (if you know): **n/a**

       (6) Grounds raised: **n/a**

   (H) Did you file a petition for certiorari in the United States Supreme Court? Yes [ ] No [ ]
       If yes, answer the following: **n/a**

       (1) Docket or case number (if you know): **n/a**

       (2) Result: **n/a**

       (3) Date of result (if you know): **n/a**

       (4) Citation to the case (if you know): **n/a**

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court? Yes [√] No [ ]

11. If your answer to Question 10 was "Yes," give the following information:

   (A) First petition, application or motion give the same information:

   (1) Name of court: 22nd J.D.C., 701 Columbia St., Convington, La. 70434

   (2) Docket or case number (if you know): 482123, Division "A"

   (3) Date of filing (if you know): May 17, 2012

   (4) Nature of proceeding: Application for post conviction relief

   (5) Grounds raised: (1) The sentence constituted ex post facto application of law in violation of the constitution of the United States; (2) the conviction was obtained in violation of the Constitution of the United States; (3) same violation as claim 2.

   (6) Did you receive a hearing where evidence was given on your petition, application, or motion? Yes [ ] No [√]

   (7) Result: On 5/22/12, the court ordered State to file procedural objections to application for post-conviction relief by 6/22/12. The State answered on 6/5/12.

   (8) Date of result (if you know): 6/12/12

   (B) If you filed any second petition, application or motion give the same information:

   (1) Name of court: 22nd J.D.C.

   (2) Docket or case number (if you know): 482123

   (3) Date of filing (if you know): October 1, 2012

   (4) Nature of proceeding: Application for post conviction relief

   (5) Grounds raised: (1) Ineffective Assistance of Counsel (breach of plea); (2) Ineffective Assistance of Counsel (gross misadvice to plead guilty to a charge when time limit to prosecute had elapsed); (3) Ineffective Assistance of Counsel (denial of right to appeal).

   (6) Did you receive a hearing where evidence was given on your petition, application, or motion? Yes [ ] No [√]

   (7) Result: Post-conviction dismissed for being pre-mature pursuant to 924.1 (another writ was pending).

   (8) Date of result (if you know): October 18, 2012

   (C) If you filed any third petition, application, or motion, give the same information:

3

(1) Name of court: 22nd J.D.C.

(2) Docket or case number (if you know): 482123

(3) Date of filing (if you know): April 9, 2013

(4) Nature of proceeding: Application for post conviction relief

(5) Grounds raised: (1) Ineffective Assistance of Counsel (breach of plea); (2) Ineffective Assistance of Counsel (gross misadvice to plead guilty to a charge when time limit to prosecute had elapsed); (3) Ineffective Assistance of Counsel (denial of right to appeal).

(6) Did you receive a hearing where evidence was given on your petition, application, or motion? Yes [ ] No [√]

(7) Result: Informed that Post-Conviction needed to be notarized before the court could consider.

(8) Date of result (if you know): April 10, 2013

***Guidera refiled a third application for post conviction relief in the 22nd J.D.C., Docket # 482123 on, September 8, 2013. A delay between re-filing was caused due to pending writ. The grounds alleged were the same, and a hearing was given. The result: the Court ordered the district attorney to answer application for post-conviction relief. Guidera's post was denied February 24, 2014.

(D) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition: Yes [ ] No [√]

(2) Second petition: Yes [ ] No [√]

(3) Third petition: Yes [√] No [ ]

(E) If you did not appeal to the highest state court having jurisdiction, explain why you did not: I did appeal.

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**CAUTION**: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

4

**GROUND ONE**: Ineffective Assistance of Counsel (breach of plea)

(A) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The assistance district attorney, defense counsel, and petitioner agreed to a plea that stated petitioner would serve no more than 75 days actual incarceration. The Court agreed and added the stipulation that petitioner would enroll in the DWI/Drug Court program. The agreement was initialed by petitioner and defense counsel. Said contract also contained qualifications, alternatives, and consequences regarding petitioner's acceptance or rejection into the program. The State failed to honor its obligation, due to the fact, the State was in full agreement with the negotiated sentence reached and approved by the Court. When the Court vacated the original sentence, and re-sentenced petitioner to serve more than 75 days, the contract plea agreement had clearly been breached. Please see the enclosed Memorandum of Facts and Law in support of petition for Writ of Habeas Corpus. (See memorandum attached).

(B) If you did not exhaust your state remedies on Ground One, explain why: Remedies have been exhausted.

(C) Direct Appeal of Ground One: There was no direct appeal as to ground one.

   (1) If you appealed from the judgment of conviction, did you raise this issue? Yes [ ] No [ ]

   (2) If you did not raise this issue in your direct appeal, explain why:

(D) Post-Conviction Proceedings:

   (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? Yes [√] No [ ]

   (2) If your answer to Question (d)(1) is "Yes," state:

      (a) Type of motion or petition: Application for post conviction relief

      (b) Name and location of the court where the motion or petition was filed: 22 J.D.C.

      (c) Docket or case number (if you know): 482123

      (d) Date of the court's decision: February 24, 2014

      (e) Result (attach a copy of the court's opinion or order, if available): Denied (order attached)

   (3) Did you receive a hearing on your motion or petition? Yes [√] No [ ]

   (4) Did you appeal from the denial of your motion or petition? Yes [√] No [ ]

   (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? Yes [√] No [ ]

5

(6) If your answer to Question (d)(4) is "Yes," state:

(a) Name and location of the court where the appeal was filed: 1st Circuit Court of Appeal, 1600 N. 3rd Street, Baton Rouge, La. 70821

(b) Docket or case number (if you know): 2014-KH-0778

(c) Date of the court's decision: 8/28/14

(d) Result (attach a copy of the court's opinion or order, if available): Denied (order attached)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: **n/a**

(E) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:

**GROUND TWO**: Ineffective Assistance of Counsel (gross misadvice to plead guilty to a charge when time limit to prosecute had elapsed)

(A) Supporting Facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Defense counsel filed a motion to quash the prosecution against petitioner. The Court granted the motion, based on the cleansing period between two of the predicate offenses. The State sought writs. Petitioner met with his counsel June 21, 2010 and questioned his counsel about the State's writ against the court's decision to grant motion to quash. Defense counsel stated that the writ was pending, but the prosecutor offered a plea agreement, which stipulated petitioner would serve no more than 75 days of incarceration on the sentence to be imposed. Petitioner's time served would be followed by a probationary period. Counsel told petitioner that taking the plea was in his best interest. (See memorandum attached).

(B) If you did not exhaust your state remedies on Ground Two, explain why: **n/a**

(C) Direct Appeal of Ground Two: **no**

(1) If you appealed from the judgment of conviction, did you raise this issue? Yes [ ] No [ ] **n/a**

(2) If you did not raise this issue in your direct appeal, explain why: Petitioner was told that he gave up his right to appeal by accepting plea.

(D) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? Yes [✓] No [ ]

(2) If your answer to Question (d)(1) is "Yes," state:

6

(a) Type of motion or petition: Application for post conviction relief

(b) Name and location of the court where the motion or petition was filed: 22 J.D.C., 701 Columbia St., Covington, La. 70434

(c) Docket or case number (if you know): 482123, Division "A"

(d) Date of the court's decision: February 24, 2014

(e) Result (attach a copy of the court's opinion or order, if available): Denied (order attached)

(3) Did you receive a hearing on your motion or petition? Yes [√] No [ ]

(4) Did you appeal from the denial of your motion or petition? Yes [√] No [ ]

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? Yes [√] No [ ]

(6) If your answer to Question (d)(4) is "Yes," state:

(a) Name and location of the court where the appeal was filed: 1st Circuit Court of Appeal, 1600 N. 3rd Street, Baton Rouge, La. 70821

(b) Docket or case number (if you know): 2014-KH-0778

(c) Date of the court's decision: August 28, 2014

(d) Result (attach a copy of the court's opinion or order, if available): Denied (order attached)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: **n/a**

(E) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: **n/a**

**GROUND THREE**: Ineffective Assistance of Counsel (denial of Due Process)

(A) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Petitioner appeared before Judge Crain on the assignment for the eligibility for DWI Court. Judge Crain informed petitioner that he had been denied entry into the DWI/Drug Court program. The Court indicated that petitioner was less than cooperative with the program. However, petitioner never received any sanctions for misconduct or wrong doing. The only document of record used to determine petitioner's program status was dated 9/2/10, which listed several convictions for aggravated assault, aggravated battery, and battery on a police officer. ~~These offenses were 15 years old making petitioner eligible due to cleansing~~. Petitioner was not given an opportunity to defend himself against the findings of the Court because this information was not mentioned in

7



open Court. Defense counsel failed to investigate, discover, or object to what the said document of record suggested. (See memorandum attached).

(B) If you did not exhaust your state remedies on Ground Three, explain why: This claim was exhausted.

(C) Direct Appeal of Ground Three:

(1) If you appealed from the judgment of conviction, did you raise this issue? Yes [ ] No [√]

(2) If you did not raise this issue in your direct appeal, explain why: **n/a**

(D) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? Yes [√] No [ ]

(2) If your answer to Question (d)(1) is "Yes," state:

(a) Type of motion or petition: Application for post conviction relief

(b) Name and location of the court where the motion or petition was filed: 22 J.D.C., 701 Columbia St., Covington, La. 70434

(c) Docket or case number (if you know): 482123, Division "A"

(d) Date of the court's decision: February 24, 2014

(e) Result (attach a copy of the court's opinion or order, if available): Denied (order attached)

(3) Did you receive a hearing on your motion or petition? Yes [√] No [ ]

(4) Did you appeal from the denial of your motion or petition? Yes [√] No [ ]

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? Yes [√] No [ ]

(6) If your answer to Question (d)(4) is "Yes," state:

(a) Name and location of the court where the appeal was filed: 1st Circuit Court of Appeal, 1600 N. 3rd Street, Baton Rouge, La. 70821

(b) Docket or case number (if you know): 2014-KH-0778

(c) Date of the court's decision: August 28, 2014

(d) Result (attach a copy of the court's opinion or order, if available): Denied (order attached)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No,"
explain why you did not raise this issue: **n/a**

(E) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: **n/a**

**GROUND FOUR:** Ineffective Assistance of Counsel (denial of right to appeal)

(A) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim):

Petitioner was never informed by his attorney or the Court of his right to an appeal. He was informed, in fact, that he had no right to an appeal by his counsel. (See memorandum attached).

(B) If you did not exhaust your state remedies on Ground Four, explain why: Claim was exhausted.

(C) Direct Appeal of Ground Four:

(1) If you appealed from the judgment of conviction, did you raise this issue? Yes [ ] No [√]

(2) If you did not raise this issue in your direct appeal, explain why: **n/a**

(D) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? Yes [√] No [ ]

(2) If your answer to Question (d)(1) is "Yes," state:

(a) Type of motion or petition: Application for post conviction relief

(b) Name and location of the court where the motion or petition was filed: 22 J.D.C., 701 Columbia St., Covington, La. 70434

(c) Docket or case number (if you know): 482123

(d) Date of the court's decision: February 24, 2014

(e) Result (attach a copy of the court's opinion or order, if available): Denied (order attached)

(3) Did you receive a hearing on your motion or petition? Yes [√] No [ ]

(4) Did you appeal from the denial of your motion or petition? Yes [√] No [ ]

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? Yes [√] No [ ]

(6) If your answer to Question (d)(4) is "Yes," state:

9

(a) Name and location of the court where the appeal was filed: 22 J.D.C., 701 Columbia St., Covington, La. 70434

(b) Docket or case number (if you know): 2014-KW-0078

(c) Date of the court's decision: August 28, 2014

(d) Result (attach a copy of the court's opinion or order, if available): Denied (order attached)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: **n/a**

(E) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: **n/a**

13. Please answer these additional questions about the petition you are filing:

(A) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction? Yes [ ] No [√]

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:

Ineffective Assistance of Counsel for failure to investigate prior to giving plea bargaining advice to petitioner. Elayn Hunt Coerrectional Center's inmate counsel, Gregory Hartshorn #250861, prepared the application for post-conviction relief. Hartshorn was not aware of the transcript from September 28, 2000 DWI proceeding. It was in the aforementioned proceeding where the Court failed to Boykinize petitioner or explain his rights thereof. Petitioner's plea of guilty was not free and voluntarily made. (See memorandum attached).

(B) Is there any ground in this petition that has not been presented in some state or federal court? Yes [√] No [ ]

If your answer is "Yes," which ground or grounds have not been presented, and state your reasons for not presenting them: The same as 13(A).

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition? Yes [ ] No [√]

If your answer is "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. (attach a copy of any court opinion or order, if available): **n/a**

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging? Yes [ ] No [√]

If your answer is "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised: **n/a**

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging: **n/a**

   (A) At preliminary hearing: Peter Ieradi, 402 N. Jefferson St., Covington, La. 70433

   (B) At arraignment and plea: Peter Ieradi, 402 N. Jefferson St., Covington, La. 70433

   (C) At trial: Peter Ieradi, 402 N. Jefferson St., Covington, La. 70433

   (D) At sentencing: Peter Ieradi, 402 N. Jefferson St., Covington, La. 70433

   (E) On appeal: **n/a**

   (F) In any post-conviction proceeding: Elayn Hunt inmate counsel Gregory Hartshorn #250861

   (G) On appeal from any ruling against you in a post-conviction proceeding: Elayn Hunt inmate counsel Gregory Hartshorn #250861

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? Yes [√] No [ ]

   (A) If so, give name and location of court that imposed the other sentence you will serve in the future: 22 J.D.C., 701 Columbia St., Covington, La. 70434

   (B) Give the date the other sentence was imposed: November 30, 2011

   (C) Give the length of the other sentence: 25 years pursuant to 15:529.1

   (D) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future? Yes [√] No [ ]

18. **TIMELINESS OF PETITION**: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. §2244(d) does not bar your petition:

   See attached due diligence tolling time information.

Prayer

Petitioner prays for this Honorable Court to grant petitioner the opportunity to withdraw his former plea of guilty to begin a new plea negotiation process, or trial proceeding. Furthermore, petitioner prays for this Court to order an evidentiary hearing on the claims stated above, and/or any other relief Petitioner may be entitled.

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on 11/23/2015.

Executed (signed) on this 23rd day of November, 2015.

*Troy Keith Hruidera*
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

---

*The Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
  - (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
  - (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
  - (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
  - (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.