MEMORNDUM OF LAW AND FACTS INSUPPORT OF PETITIONER TROY KEITH GUIDERA'S PETITION FOR WRIT OF HABAES CORPUS

## "CLAIM ONE"

### Ineffective Assistance of Counsel-Breach of Plea

The sixth Amendment guarantees criminal defendant's the right to effective assistance of counsel during plea bargain negotiations. Hill v. Lockhart, 474 U.S. 52, 57-59 (1985); Padilla v. Kentucky 130 S.Ct. 1473, 1480-1481 (2010). The standard is the familiar one set out in Strickland v. Washington, 466 U.S. 668 (1984). A defendant establishes ineffective Assistance of counsel by showing (1) "that counsel's representation fell below An objective standard of reasonableness," Id. At 688, And (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," Id. At 694. Premo v. Moore, 131 S.Ct. 733, 737-738-739-740 (2011); Wright v. Van Patten, 552 U.S. 120, 124 (2008); Hill, 474 U.S. At 57-58.

TENDERED FOR FILING

DEC - 2 2015

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

Troy Keith Guidera, (Petitioner) appeared before the bar in conjunction with a negotiated plea agreement reached between defense counsel and the state of Louisiana and agreed on by petitioner pursuant of the provisions of North Carolina v. Alford, 400 U.S. 25, 31, 91 S. Ct. 160, 164, 27 L. Ed. 2D 162 (1970); where upon, the court sentenced petitioner as agreed on by all parties, to serve a twenty (20) years in the Department of Public Safety and Corrections. The court suspended all but seventy-five days of said sentence to be served without the benefit of probation, parole or suspension of sentence. The court further placed petitioner on probation for five (5) years with conditions that petitioner pay a fine in the sum of $5,000 and costs; perform forty (40) eight-hour days of community service activity; participate in and successfully complete the 22ND Judicial District D.W.I./drug court program; petitioner placed on the home incarceration with electronic monitoring for the duration of probation; the vehicle driven at the time of the offense seized, impounded and sold; pay $200.00 to the Indigent Defender Fund, and obtain a G.E.D. (see sentencing transcript of June 21, 2010 attached).

Page (2.)

As the evidence on the face of the record from the proceedings of June 21, 2010 clearly shows, Petitioner, through the advice of counsel, entered into a specific plea agreement with the state of Louisiana. On September 27, 2010 the D.W.I. Court Case Manager, Mrs. Gail Stein presented a document to the Honorable Judge Crain showing that the "Defendant was evaluated on 9-2-10 for the determination of eligibility for the 22nd Judicial District D.W.I Court Program and was NOT ACCEPTED into the program..." (see attached evaluation document, Exhibit ___) Furthermore, the Court then vacated Petitioner's sentence of June 21, 2010 that was in fact a negotiated Contractual Plea Agreement for his plea of guilty. The September 27, 2010 sentence was amended on December 6, 2010 As the Final Judgment, making this a "straight up sentence" as the Judge Stated, which became a two (2) year and seventy-five (75) day sentence imposed enstead of the agreed on (75) days imposed. Petitioner states that the main factor in rendering his guilty plea pursuant to the provisions of North Carolina v. Alford and entering into the contract with the state of Louisiana was in fact that the

negotiated agreement ensured petitioner would not do more than (75) days of actual incarceration and participate in the 22nd Judicial District D.W.I./Drug Court program. However, the trial court erred in vacating only the "sentence" portion of the contractual plea agreement and failed, failed in affording Petitioner the opportunity to withdraw his guilty plea, which petitioner so desired to withdraw and three (3) motions was filed in his behalf to withdraw plea, (1) on December 13, 2010 and "Denied" December 16, 2010 (2) on January 11, 2011 and "Denied" January 13, 2011 (3) on July 19, 2011 and "Denied" July 21, 2011.

Begining with state ex rel. Clark v. Marullo, 352 So.2d 223 (La. 1977), the supreme court has held that the trial court could properly vacate a plea of guilty even after sentence when it determined that the facts surrounding a guilty plea rendered it "constitutionally deficient". Also, in State v. Galliano, 396 So.2d 1288 (La. 1981), the supreme court held that the trial judge had authority to grant a motion to vacate the sentence and allow the

Page (4.)

withdrawal of a plea of guilty when the plea was not both voluntary and intelligently entered. The "facts surrounding" the guilty plea of petitioner was that he would participate in the D.W.I. court program as part of the agreement. The trial court could not invalidate the sentence in conformity with the contractual agreement reached between all parties without allowing petitioner the opportunity to withdraw his plea entirely due to the agreement not being enforceable on the state's behalf.

In State Ex Rel. LaFleur v. Donnelly, 416 So. 2d 82 (1982), which is nearly a mirror image to the instant case at bar, the Louisiana Supreme Court again held that,

"A guilty plea has been found to be constitutionally infirm when the state does not fulfill an express or implied part of the plea bargaining agreement which precipitated the defendant's decision to so plead. State ex rel. LaFleur 416 So. 2d. 82 (La. 1982); State v. Jones, 398 So 2d 1049 (La 1981); {423 So. 2d 1113} State v. Neltte, 363 So. 2d 425 (La. 1978); State ex rel. Clark supra.

Page (5)

In LaFleur, the defendant ascertained that he would not have pleaded guilty to the simple burglary and possession of a firearm had he known he would be ineligible for probation or parole under the firearm statute. The defendants attorney, Clyde Fontenot had bargained with the district attorney for concurrent sentences of nine (9) years on each charge. Fontenot told the defendant that he would be eligible for parole after three years. Defendant said he would go to trial before he plead guilty in exchange for a nine (9) year sentence. Defendant eventually plead guilty for six (6) year concurrent sentences on three charges and an additional five (5) year sentence on the firearm possession charge, also concurrent with the promise of parole. Subsequently, the statute on the firearm charge eliminated the possibility of parole for the defendant. The Supreme Court of Louisiana vacated LaFleur's plea and remanded for further proceeding. After vacating the original agreed upon sentence of June 21, 2010, the trial court re-sentenced petitioner to an additional two (2) years prison term

which is not the agreement reached. Simply removing the condition of the D.W.I. court program at re-sentencing and adding an additional two(2) years of the said sentence imposed to petitioner's contractual agreement of June 21, 2010 is clearly not the remedy for breached plea agreement. Sentencing petitioner to additional incarceration without first giving petitioner the opportunity to withdraw his guilty plea renders the agreement breached and the plea constitutionally infirm.

The United States Supreme Court has held "Any amount of additional jail time has significance under strickland." This test originated from the United States Supreme Court decision in Glover v. United States, 531 U.S. 198, 148 L. Ed 2d 604, 121 S. Ct. 696 (1-9-2001). The United States Fifth Circuit Court of Appeal adopted the test of "Any additional jail time" in determining if a defendant was prejudiced by additional jail time as to what the plea agreement contained and petitioner was led to believe. United States v. Grammas, 376 F.3d 433; 2004 U.S. App. lexis 13686.

A plea bargain agreement is considered to be a contract between the state and the criminal defendant. State v. Nall, 379 So.2d 731 (La. 1980); State v. Cheatham, 44,247 (La. App. 2 Cir. 5/13/09), 12 So. 3d 1047, and citations therein. If the state is a party to a plea bargain agreement, the bargain must be enforced. Santobello v. New York, 404 U.S. 257, 92 S. Ct. 495, 30 L. Ed. 2d 427 (1971); State v. Cheatham, supra. The party demanding performance [Pg 6] of a plea bargain agreement has the burden of proving its existence. State v. Givens, 99-3518 (La. 1/17/01), 776 So.2d 443; State v. Bosworth, 451 So.2d 1070 (La. 1984); State v. Phillips, 09-455 (La. App. 5 Cir. 03/09/10), 39 So. 3d 610. Under substantive criminal law, there are two alternative remedies available for a breach of a plea bargain: (1) specific performance of the agreement, or (2) nullification or withdrawal of the quilty plea. State v. Givens, supra; State v. Phillips, supra. An obligation or contract cannot exist without a lawful cause. LSA-C.C. Art. 1966. Cause is the reason why a party obligates himself. LSA-C.C. Art. 1967. [687 So. 2d 526] In the instant case, it is obvious that

Page (8)

one of the reasons why petitioner entered the plea bargain was that he would have the benefit of the D.W.I. court program. The cause of an obligation is unlawful when the enforcement of the obligation would produce a result prohibited by law or against public policy. LSA-C.C. Art. 1968. A contract is absolutely null when it violates a rule of public order. LSA-C.C. Art. 2030.

   In State v. Walker, 645 So. 2d 766, 770, (LA. App. 5th. Cir. held:

> "A guilty plea is considered Constitutionally infirm when the defendant is induced to enter the plea by a plea agreement, either express or implied, that the state does not then fulfill, if such is the case, either the bargain must be enforced or the defendant must be allowed to withdraw the guilty plea." Walker, supra.

Here, petitioner was in fact "induced" by counsel and the Assistance District Attorney to plead guilty with the justifiable belief that the terms of the agreement would be enforced. It was the state and not petitioner who did not fulfill the terms of the expressed and implied bargain and petitioner has a Constitutional Right to withdraw

Page (9)

the guilty plea. In State v. Givens, 99-3518, pp.
14-15 (LA. 1/18/01), 776 So. 2d 443, 445 (emphasis added),
the Louisiana Supreme Court Again addressed disputed
plea agreements between the state and defendants
of criminal prosecutions that cannot be enforced
due to no fault of defendant, explaining that:

In determining the validity of agreements not
to prosecute or of plea agreements, Louisiana
courts generally refer to rules of contract law,
while recognizing at the same the that a
criminal defendant's constitutional right to
fairness may be broader than his or her rights
under contract law. See State v. Louis, 94-
0761, p. 7 (LA. 11/30/94), 645 So. 2d 1144-1148
(citing State v. Nall, 379 So. 2d 731 (LA. 1980);
State v. Lewis, 539 So. 2d 1199 (LA. 1989)).
The First step under contract law is to
determine whether a contract was formed
in the First place through offer and acceptance.
Id. at 1149; LA. Civ. Code Art. 1927. The party
demanding performance of a contract has
the burden of proving its existence. Louis,
645 So. 2d at 1149. In the context of plea
bargains, a defendant may demand specific

Page (10)

performance of the state's promise if he can show that the parties reached an agreement, that he performed his part of the agreement, and that in doing so, he relinquished a fundamental right. Id. at 1149-50. see also State v. Tanner, 425 So.2d 760, 763 (LA. 1983).

There can be no dispute when presented with the question, did the parties reach an agreement between each other and that petitioner performed his part of the agreement, and that in doing so, petitioner relinquished a fundamental right. The state of Louisiana "offered" the sentence of June 21, 2010 to petitioner with specific promise. Petitioner's "acceptance" to the "offer" from the state of LA. created a "lawful clause." A plea of guilty will not be set aside upon a defendant's unfulfilled expectation of gaining release as early as possible. State ex. rel. Tanner v. Maggio, 463 So.2d 1304, 1306 (LA. 1985). However, if a guilty plea is induced by "a plea bargain, or by what a defendant justifiably believes was a plea bargain and he pleaded guilty in part because of that justifiable belief, the bargain must be enforced or the relator be allowed to withdraw from the plea."

Page (11)

State ex rel. Ballet v. Blackburn, 565 so.2d 425 (LA.1990); State v. Dixon, 449 so.2d 463, 464 (LA.1984); State v. Hayes, 423 so.2d 1111, 1113-1114 (LA.1982); State ex rel. LaFleur v. Donnelly, 416 so.2d 82, 84 (LA.1982); State v. Jones, 398 so.2d 1049 (LA.1981); State v. Galliano, 396 so.2d 1288 (LA.1980); State V. Neitte, 363 so.2d 425 (LA.1978).

In this case, being that the agreement that the State offered and petitioner excepted on June 21, 2010 cannot be enforced by law, petitioner must be allowed to withdraw his plea to the breach of contract by the State.

Turning to Federal Jurisprudence dealing with the issue of breach of plea, it has been long standing and well settled that:

"A determination of whether the goverment violated a plea agreement is reviewed de novo. Whether the goverment violated the agreement is judged according to the defendant's reasonable understanding at the time he entered the plea. The goverment is bound by any material promises it makes to a defendant as part of a plea agreement that induces the defendant to plead guilty." United States V. Bernal-Madrigal, 2009 U.S. App. Lexis 19124.

Page (12)

Petitioner's "reasonable understanding at the time he entered the plea" on June 21, 2010 was that he would spend no more than 75 days jail time and would participate in the D.W.I court Program. The Government made the "material promises" of no more than 75 days in jail and participation in the D.W.I court Program "as part of the plea agreement" that in fact induced petitioner to plead guilty.

In Santobello v. New York, 404 U.S. 257 30 L ED 2d 427, 92 S. Ct. 495 [No. 70-98], the petitioner "bargained" for a negotiated plea. It was conceded that the promise by the State of New York would abstain from making a sentencing recommendation. However, due to a lack of inter communication between staff lawyers in the prosecutions office, the prosecution inadvertently made a sentencing recommendation. The Santobello court stated in the decision;

"The prosecution is not in a good position to argue that it's inadvertent breach of agreement is immaterial. The staff lawyers in a prosecutor's office have the burden of "letting the left hand know what the right hand is doing" or has done. That the breach of agreement was inadvertent does not lessen it's impact." Santobello, supra.

It is well settled with both Louisiana Jurisprudence and Federal Jurisprudence that when a defendant enters into a plea agreement based upon the government's promises, the government must enforce it's promises. It is through no fault of petitioner that his counsel, the state and the court erroneously misled him with the false hope and expectation of no more than 75 days in jail and participation in the D.W.I court program for his plea. The "true consequences" of the plea agreement is that petitioner entered into a contract with the state that cannot be legally enforced and therefore the only remedy was to afford petitioner the opportunity to withdraw the constitutionally infirm guilty plea. The trial court, however, erred in vacating only the sentence portion of the contractual plea agreement and not the conviction based on the constitutionally infirm plea of guilty by petitioner. Counsel for petitioner failed to challenge the fact that the re-sentencing of petitioner alone did not cure the breach of the contractual agreement that all parties are obligated to maintain.

Page (14)

It cannot be disputed that simply re-sentencing petitioner can cure the effect of a broken and infirm guilty plea. Petitioner should have been allowed to withdraw the guilty plea being the state could not hold to their end of the contract offered and accepted. Petitioner's sentence and conviction in this matter must be VACATED on the grounds of the state of Louisiana breaching the contractual plea agreement entered into on June 21, 2010.

## "CLAIM TWO"

Ineffective Assistance of Counsel - unconstitutionally infirm guilty plea given under counsel's gross misadvice to plead guilty to a charge the time limitation of prosecution had expired.

Petitioner's counsel filed a motion to quash the bill of information due to the time limitation of institution of prosecution expiring. The trial court granted the motion to quash and the state

Page (16)

Sought Emergency Writ to the First Circuit Court of Appeal. While the states writ was still pending, (Thought to be still pending by counsel) but infact, had been ruled on by the First Circuit court of Appeal on May 24, 2010, granting the States writ, reversing the trial court's Judgment on the motion to quash and remanding the matter for further proceedings.

Petitioner Appeared at Court on June 21, 2010, met with his counsel whom informed him of the states offer of 75-days imposed on whatever sentencing given by the Court, probation, Treatment and Fines. Petitioner questioned his counsel about the Motion To Quash the court had granted on May 13, 2010, and was informed the states writ against the granted had not been ruled on yet, which infact had been which counsel should have been aware of that and informed petitioner before hand, but only informed petitioner that the State would allow the plea under North Carolina V. Alford, as a best of interest plea, and that it would be in his best interest to take the offer, which was infact an act of coerce to plea guilty to

Page (17)

A charge that he could not be prosecuted on.

Pursuant to statutory provisions, the right to a speedy trial is guaranteed by both the Federal and the State Constitutions, U.S. Const. amendment VI; LA. Const. art. 1, 16, and the proper method for raising the claim of a denial of the constitutional right to a speedy trial is by a motion to Quash.

State v. Reaves, 376 So. 2d 136, 137-38 (LA 1979); see also State v. Davis, 95-1455, pp. 9-10 (LA. App. 3d Cir. 5/8/96), 677 So. 2d 511, 515-516, writ denied, 96-1215 (LA. 11/1/96), 681 So. 2d 1257. Petitioner in fact used the proper vehicle, i.e. Motion to Quash and as stated, the trial court granted. Petitioner's Counsel acted far below the reasonableness of an attorney by convincing petitioner to plead guilty to a charge that the prosecution of limitations had already expired.

In State of LA. v. Eugene Thomas; Consolidated with: State of Louisiana v. Morris J. Patin, 54 So. 3d 1; 2010, it was stated that; "The standard for analyzing a claim by a defendant that his Constitutional right to a speedy trial has been violated is the four factor test enunciated in Barker v. Wingo, 407 U.S. 514, 530, 531-32, 92 S. Ct. 2182, 2192-93, 33 L. Ed. 2d 101 (1972),

Page (18)

which is as follows: (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of his right to a speedy trial, and (4) the prejudice to the defendant. State V. Batise, 05-1571 p. 7 (LA. 10/17/06), 939 So. 2d 1245, 1250. The circumstances of each individual case will determine the weight to be ascribed to the length of and the reason for delay. id.

In petitioner's particular case, the trial court had already agreed with the fact that the delay was "unreasonable" by the state and therefore granted petitioner's Motion to Quash. Any attorney acting with reasonableness would surely not coerce his client to plead guilty while the granted Motion to Quash was before the First Circuit Court of Appeal pending the state's emergency writ. This is clearly a case of Ineffective Assistance of Counsel and this Honorable Court should vacated petitioner's conviction and sentence and remand the case for further Judicial Proceedings.

## "CLAIM THREE"

Denial of Due Process, Trial Court Denied Petitioner the opportunity to Dispute the False and inaccurate information used to Deny Petitioner's Acceptance into the D.W.I.-drug Court Program.

Petitioner states, and the record clearly supports, petitioner was evaluated by the case manager for the D.W.I. court program, "for the determination of the eligibility for the participation in the program". Petitioner was "denied" acceptance into the program base on incorrect information of his "Criminal History." Petitioner states that he attempted to inform the court that the information was inaccurate to no avail due to not having the necessary documentation. Petitioner has obtained the documentation and has clear and convincing evidence that the information used to deny him acceptance into the court's D.W.I. Court program is in fact incorrect. Where, in imposing a sentence, the trial court relies upon information which is materially false, the defendant must be given an opportunity to rebut such significant misinformation. State v. Underwood, 353 So.2d 1013 (La. 1977).

Page (20)

The procedure which leads to the imposition of a sentence must satisfy the requirements of Federal due process, even if the accused has no Federal right to object to a particular result of the sentencing process.

"Gardner v. Florida," 430 U.S. 349, 97 S.Ct. 1197, 51 L. Ed. 2d 393 (1977). Thus, where, in imposing a sentence, the trial court relies upon information which is materially false or which furnishes invalid premises for the sentence, the defendant must be given an opportunity to rebut such substantially significant misinformation.

"United State v. Tucker," 404 U.S. 443, 92 S.Ct. 589, 30 L. Ed. 2d 592 (1972); "Townsend v. Burke," 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948); "United States v. Espinoza," 481 F.2d 553 (CA5, 1973).

See Also: Coffee, The Future of Sentence Reform; Emerging Legal Issues in the Individualization of Justice, 73 Mich. L. Rev. 1362, 1420-40 (1975).

Petitioner further states, and the record clearly supports, that on June 21, 2010, petitioner and his counsel signed and initiated the drug court client disclosure document. This document states that if petitioner is not accepted into drug court, that petitioner would be returned before his sentencing Judge so that "additional conditions of probation" may be added. The document in petitioner's possession, and in the court record, makes no mention of the court having authority to impose additional jail time in the event petitioner is not accepted in the D.W.I./drug court program. The information used, the sole reason to deny petitioner's acceptance is false and inaccurate information, and petitioner was "denied" his Due Process rights to demonstrate the information's inaccuracy. The evaluation given by the D.W.I./Drug Court case manager on 9-2-10, states petitioner was "NOT ACCEPTED" because of several convictions for aggravated assault, aggravated battery and battery on an officer. "Facts", Petitioner has "never" been convicted of Agg. Assault or Agg. battery and the battery on officer occurred over 15 years ago making petitioner eligible due to cleansing.

Page (22)

## "CLAIM FOUR":

Ineffective assistance of counsel / Denial of counsel or trial court to inform petitioner of right of Appeal

The record evidence of the transcript of June 21, 2010, will demonstrate that the trial court Failed to inform petitioner of his rights to seek an Appeal. when petitioner sought this information from his defense counsel, he was simply told by counsel that "you have no rights to an Appeal." Petitioner states that he is less than a laymen to the laws and procedures of the judicial system and through no fault of his own lost his constitutional Rights to appeal a sentence that deprives him of 20 years of liberty. The supreme court has held: "In Louisiana, there is no codal or statutory requirement for notifying the defendant at sentencing of his right to appeal and of the time limitations within which he must exercise that right. Nevertheless, the appellate court has ordered the trial court to grant an out-of-time appeal when the defendant has established that he was not advised of his right to appeal."

Page (23)

State of Louisiana v. Marion Counterman, 475 So.2d 336, La. Lexis 9223 No. 85-OK-0254.

The ADA standards for Criminal Justice 21-2.2 (b) (2 ded 1980) States that: "Defense Counsel should advise the defendant on the meaning of the Court's Judgment, of defendant right to appeal, on the possible grounds for appeal, and of the probable outcome of appealing... Further, Counsel has the duty to discuss frankly and objectively with the defendant the maters to be considered in deciding to appeal... To make the defendants ultimate choice a meaningful one, counsel's evaluation of the case must be communicated in a comprehensible manner... Counsel should always consult promptly with the defendant after making a careful appraisal of the prospects of an appeal." In the instant case, neither the court or counsel "advise" petitioner of his right to appeal; the possible grounds for appeal or the prospects of an appeal, but counsel flatly informed petitioner that he has not right to appeal. In fact, the misinformation from defense counsel that petitioner had "no right to appeal" deprived petitioner of his Constitutional Rights to appeal a sentence that —

Page (24)

relinquishes 20 years of liberty. "There is a
Constitutional Right to an appeal in criminal
cases in Louisiana when the defendant is
subject to imprisonment or fine."
 LA. Constitution Article 1 § 19 (1974); State v.
Simmons, 390 So. 2d 504 (LA. 1980).
   Quoting Counterman, supra, " The States
highest appellate court held that a defendant
who failed to appeal timely had to seek
reinstatement of his right to appeal in the
trial court in which the conviction was
obtained. The trial court was in the best
position to determine whether an applicant
was entitled to relief. The procedural vehicle
to exercise a right to appeal, after the delay
provided in LA. C. Cr. P. Ann. art. 914 expired, was
an application for post-conviction relief
pursuant to LA. C. Cr. P. Ann. art. 924 through
930.7." Counterman, supra.
      The LA. Supreme Court in State Ex Rel.
William Thurman v. State of Louisiana, 1 So.
3d 459; 2009 LA. LEXIS 34 stated once again
that an appeal is appropriate when a defendant
is not substantially notified at sentencing of his

Page (25)

right to appeal or those which the defense attorney was at fault in failing to file or perfect a timely appeal. Thurman, supra.

The Thurman Court held:

"As suggested in our earlier order, relator raised the issue of his entitlement to an out-of-time appeal within the time parameters established by La.C.Cr.P. art. 930.8(A), albeit not in the district court. State v. Thurman, 07-1986 (La. 6/6/08), 983 So. 2d 915. Accordingly, neither the presciptive period of art. 930.8(A) nor the discretionary procedural bar of La.C.Cr.P. art. 930.4(E) should operate to deprive relator of his constitutional right to appeal. The district court is thus ordered to appoint counsel for purposes of holding a hearing at which it will determine whether relator is entitled to an out-of-time appeal under the rule of State v. Counterman, 475 So. 2d 336, 340 (La. 1985) (out-of-time appeal is appropriate in cases in which either "the defendant was not substantially notified at sentencing of his right to appeal or those in which the defense

Attorney was at fault in failing to file or **perfect** a timely appeal."). *Thurman, supra.*

In the instant case before this honorable Court, the record evidence of the transcripts and the sentencing minutes clearly and unquestionably demonstrate that neither the trial court nor defense counsel ever informed petitioner of his Constitutional Rights to **seek** an appeal ~~from~~ his conviction and sentence.

   LA. Code of Criminal Procedure, Article 912,
   <u>Judgments or rulings Appealable:</u>
C. The Judgments or rulings from which the defendant may appeal **include**, but not limited to:
(1) A judgment which imposes sentence;
   "A defendant may appeal from a judgment which imposes a sentence, LA. C. Cr. P. Ann. Art. 912(c)(1), and such appeals are favored in the law." State V. Simmons, LA. App. 00-1037, 781 So. 2d 821, 2001 LA. App. LEXIS 381 (LA. App. 5th Cir. Feb. 28, 2001).

Page (**27**)

Petitioner respectfully states that he has substantially demonstrate that the trial court nor his defense counsel notified him of the Right to appeal. It was through no fault whatsoever of petitioner that his Constitutional Right to appeal was relinquished and therefore this Honorable court should grant petitioner the relief this Honorable court deems appropriate in this matter.

## "CLAIM FIVE"

Ineffective assistance of counsel/Failure to sufficiently investigate Prior D.W.I. Convictions listed in the bill of information under docket No. 482123, for any irregularity or variance that affected substantial rights of the accused.

Petitioner states, The September 28th, 2000 - "transcript", under docket no. 322404, that is being used as a predicate D.W.I. conviction under docket No. 482123 has no mention of petitioner being convicted or pleading guilty to a D.W.I. charge, nor being boxkinized or sentenced.

Page (28)

## CONCLUSION

Petitioner prays that this Honorable Court will agree that the State of Louisiana his in fact breached the contractual plea agreement of June 21, 2010. The remedy for the state not being able to fulfill the contractual plea agreement was not to re-sentence petitioner to a sentence with additional jail time that he did not agree to, but the remedy can only be to afford petitioner the opportunity to withdraw his plea. This Honorable Court should vacate the constitutionally infirm guilty plea in this matter and order the case for trial. The case law and long standing jurisprudence with in clearly establishes that petitioner should be allowed to withdraw his plea and the proceedings run anew due to the state being legally barred from upholding their end of the contract made on June 21, 2010.

Petitioner further prays that this Honorable Court would agree that Appointed Counsel severely failed him in protecting his Sixth Amendment Rights when counsel coerced petitioner to enter a plea before sufficiently investigating

Page (29)

Petitioner's prior D.W.I. plea of guilty-convictions, Transcripts, for any irregularitys or variance that are grounds for reversing any of his prior convictions listed in the bill of information that alleged him to be a 4th D.W.I. offender prior to given any advice to plea bargaining with the state. Petitioner further states that the record evidence in this matter demonstrates that his right to appeal was relinquished through no fault of his own. Petitioner seek an evidentiary hearing pursuant to the La.C.Cr.P., art. 930 in the minimum.

Respectfully submitted by,

Troy Keith Guidera

Troy Keith Guidera #333536

EHCC-P.O. Box 174

St. Gabriel, LA. 70776

Certificate of Service

I, Troy Keith Guidera, do hereby certify that I have placed the foregoing petition in the mail box with a withdraw form to pay for the postage for mailing on the 23 day of November 2015.

Troy Keith Guidera #333536

Troy Keith Guidera #333536

Page (30)

## Declaration Against Penalty of Perjury

I, Troy Keith Guidera, declare pursuant to 28 U.S.C. - 1746, that the statements in the foregoing is truth.

Troy Keith Guidera
TROY Keith Guidera

"Due Diligence - Tolling Time Information -"
In support of Petitioner Troy Keith Guidera's
Petition For Writ Of Habeas Corpus

"List of The Exhibits Enclosed"

EX.'S      By Numbers - 1. Through 63

1.) 6-21-10 - conviction - original sentence.

2.) 9-27-10 - vacated original sentence - Re-sentenced.

3.) 11-20-10 - Filed Motion seeking 6-21-10 Transcript.

4.) 11-29-10 - Court ordered to provide the 6-21-10 Transcript.

5.) 12-6-10 - Amendment of sentence, Final sentence.

6.) 12-9-10 - Filed Motion seeking 12-6-10 Transcript.

7.) 12-13-10 - Counsel filed motion To withdraw Plea.

8.) 12-16-10 - motion "Denied" to withdraw guilty Plea.

9.) 1-11-11 - Counsel Filed another motion to withdraw Plea.

10.) 1-13-11 - motion "Denied" to withdraw guilty Plea.

11.) 3-31-11 - The Clerk of Court mailed me the 6-21-10 Transcript.

12.) 6-22-11 - Motion Filed seeking 9-27-10 / 12-6-10 Transcripts

13.) 7-18-11 - Motion Filed given particularized need for Trans.

14.) 7-19-11 - Counsel Filed to withdraw Plea - 3rd time.

15.) 7-21-11 - motion to withdraw Plea "Denied" again.

Page 1.)

TENDERED FOR FILING

DEC - 2 2015

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

Due Diligence / Tolling Time

EX, 5

16.) 7-21-11 - The court "ordered" I be provided the cost For.
the 12-6-10 Transcript, "Amendment of sent."

17.) 5-17-12 - 1st Application For Post Conviction Relief Filed.
18.) 6-5-12 - D.A. Answered Post Application Filed 5-17-12.
19.) 6-12-12 - Motion to withdraw Application For Post Filed.
20.) 6-14-12 - Motion "Granted" to withdraw Post Filed 5-17-12.

21.) 6-15-12 - Revocation Hearing held, Probation Revoked
that had never even started yet.
22.) 7-6-12 - Motion Filed seeking writs, 1st cir. court of appeal.
23.) 7-6-12 - Motion Filed in regards to the transcripts
the court "ordered" the cost be provided to me.
24.) 7-23-12 - Informed the cost For 12-6-10 Transcript
25.) 7-26-12 - Filed notice of Intent to seek writs, Regards
to revoking probation that had yet to start.
26.) 7-27-12 - Notice of Intent "Granted", given until 8-27-12.
27.) 8-15-12 - Motion Filed to extend return date of 8-27-12.
28.) 8-17-12 - Motion "Granted" to extend return date,
given new return date of 9-27-12

page 2.)

Due Diligence / Tolling Time

EX. 5

29.) 9-21-12 - Notice of supervisory writ Filed in 1st cir. court of Appeal, regarding probation being revoked.

30.) 10-1-12 - "2nd time", Application For Post Conviction relief filed into the 22nd J.D.C. #482123

31.) 10-18-12 - Application For Post dismissed for being premature, supervisory writ not ruled on yet.

32.) 11-5-12 - Informed supervisory writ was "Denied" for not including All the supporting documents.

33.) 11-14-12 - Requested information from 1st cir. court regards to the denied suprevisory writ.

34.) 11-15-12 - Informed by the 1st cir. court of Appeal that I could file A new writ application with All the supporting docmentations

35.) 11- -12 - Hospitalized for ____ days, trying to get verification.

36.) 12-20-12 - Filed a nother request For documents, transcripts I still haven't received - 22nd J.D.C page 3.)

Due Diligence / Tolling Time

EX's

37.) 12-28-12 - The request for transcript and other
documents was filed in the 22nd J.D.C.

38.) 1-2-13 - The clerk's office informed me that
a "second notion" had been sent to the
court reporter to provide a cost for
the 9-27-10 transcript and the I would
be informed the cost when received.

39.) 1-9-13 - Filed the suprevisory writ again with
all supporting documents, that some
had just been received on "1-8-13"
from the 22nd J.D.C., clerk's office.

40) 1-11-13 - Received notice the suprevisory writ
was filed, given #"2013-KW-0049" in
the 1st circuit court of appeal, in
regard to the probation issue. (revoked)

41) 2-5-13 - Informed the cost for 9-27-10 transcript
had still "not been received."
page 4)

Due Diligence / Tolling Time

EX.

42) 3-25-13 - 1st cir. court "Denied" my suprevisory
writ(#2013-KW-0049) 22nd J.D.C.#482123

X _____ Requested reason For the Denial, 1st cir.

43) 4-16-13 Request For reason of Denial, "Denied"

44) 4-9-13 - my Application For Post was Filed again in
the 22nd J.D.C., being my second attempt
since being "Granted" to withdraw the
1st Application For Post Filed May 17, 2012.

45) 4-10-13 - I was mailed a notice by Judge Hillary
J. Crain that I was in Violation of
Supreme Court rule #1 and my
Application For P.C.R. would not be
Considered until All rules of the
Supreme Court were met.

46) 4-25-13 - my writ to the supreme court was Filed,
    (#2013-KH-921)
Regards to the Denial of my writ to the
1st cir. Court of Appeal #2013-KW-0049."
page 5.)

*Due Diligence / Tolling Time*

**EX:'s**

47) <u>7-26-13</u> - My education level was, Reading 7.4, Lang. 6.1

48) <u>2-20-15</u> - My education level is, Reading 8.3, Lang. 9.9 (last test)

49) <u>8-8-13</u> - I requested to withdraw my pending writ in the supreme court, <u>case #2013-KH-921</u>.("probation issue")

50) <u>8-21-13</u> - I was informed that I would have to send a second (2nd) request to withdraw before having the court's ruling, <u>case # 2013-KH-921</u>.

51) <u>8-21-13</u> - I mailed my 2nd request to withdraw writ.

52) <u>9-3-13</u> - The supreme court "granted" my motion to withdraw the pending <u>writ #2013-KH-921.</u>

53) <u>9-10-13</u> - I then filed my Application for Post Conviction Relief Again in the 22nd J.D.C. <u>#482123</u>

54) <u>9-27-13</u> - I finally received the <u>9-27-10</u> Transcript from the 22nd J.D.C. docket <u>#482123</u>, Div. "A"

55) <u>2-24-14</u> - My Application for Post conviction Relief was "Denied" and dismissed, <u>#482123</u>.

56) <u>3-3-14</u> - Filed motion for Intent to seek writs to the 1st cir. court of Appeal (Denial of Post) <u>#482123</u>

*page 6.)*

Due Diligence / Tolling Time

EX'S

57) <u>3-5-14</u> - Notice to Seek writs to the 1st cir. court
of Appeal "Granted", given until <u>4-7-14.</u>

58) <u>3-7-14</u> - Motion Filed to withdraw intent to seek
writs due to wrong Information given.

59) <u>3-12-14</u> - "Granted" to withdraw, and to re-File
motion seek writs, intent, given until
_____ to File my writ to the
1st cir. court of Appeal.

60) <u>5-30-14</u> - Notice of writ received by the 1st
Circuit court of Appeal, given case
#"2014-KW-0778", From the 22nd J.D.C
docket #482123, Div. "A".

61) <u>8-28-14</u> - Notice of Judgment mailed to me by
the 1st cir. Court, case #"2014-KW-0778"
"Denied" writ, 22nd J.D.C. #482123

62) <u>9-29-14</u> - writ Filed in the supreme court, given
case #"2014-KH-2044"

63.) <u>8-28-15</u> - Writ "Denied" by the supreme Court,
case #<u>2014-KH-2044</u>, 1st cir. court -
case #<u>2014-KW-0778</u>, 22nd J.D.C.
case #<u>482123</u>.

page 7.)

*F6A*

```
                Individual Report for GUIDERA TROY    K
ID Number: 333536                          GP CB 072613 RE
Test Date: 07/26/13                        TABE 9/10 Basic Ed
 Run Date: 07/26/13                        BOURGEOIS/OLIVIER
   Page No: 3                              EHCC
                                           Entire group
```

| Skill Areas | L/F | RS | NA | SS | GE | NP | NRS | NS | OM | Predicted GED |
|---|---|---|---|---|---|---|---|---|---|---|
| Reading | M0 | 42 | 50 | 541 | (7.4) | 62 | 4 | 6 | 80 | |
| Math Compu | M0 | 34 | 40 | 518 | 6.4 | 59 | | 5 | 83 | |
| Applied Math | M0 | 38 | 50 | 540 | 7.4 | 67 | | 6 | 67 | |
| Language | M0 | 40 | 55 | 526 | (6.1) | 58 | 4 | 5 | 50 | |
| | | | | | | | | | | |
| Total Math | | 72 | 90 | 529 | 7.1 | 65 | 4 | 6 | | |
| Total Battery | | 154 | 195 | 532 | 6.4 | 64 | | 6 | | |

```
L/F=Test Lev & Frm   RS=Raw Score       NA=No. Attempted
SS=Scale Score       GE=Grade Equiv     NP=National %ile
NRS=Literary Level   NS=National Stan   OM=% Obj. Mastered
```

| Objectives | Score | MST | Percent | Objectives | Score | MST | Percent |
|---|---|---|---|---|---|---|---|
| **Reading** | | | | **Language** | | | |
| M01 Intrp Graph | 4/ 4 | + | 100 | M30 Usage | 13/16 | + | 81 |
| M02 Wd In Contx | 5/ 6 | + | 83 | M31 Sent Forma | 7/ 9 | + | 77 |
| M03 Recall Info | 12/13 | + | 92 | M32 Para Devel | 6/ 9 | P | 66 |
| M04 Const Mean | 12/17 | P | 70 | M33 Capitaliz | 3/ 6 | P | 50 |
| M05 Eval/Ex Mng | 9/10 | + | 90 | M34 Punctuation | 7/ 9 | + | 77 |
| Subtest Avg | | | 84 | M35 Writg Conv | 4/ 6 | P | 66 |
| | | | | Subtest Avg | | | 73 |
| **Math Compu** | | | | | | | |
| M11 Add Whl Num | 5/ 5 | + | 100 | Total Average | | | 79 |
| M12 Sub Whl Num | 7/ 7 | + | 100 | | | | |
| M13 Mul Whl Num | 7/ 7 | + | 100 | | | | |
| M14 Div Whl Num | 3/ 6 | P | 50 | | | | |
| M15 Decimals | 6/ 7 | + | 85 | | | | |
| M16 Fractions | 6/ 8 | + | 75 | | | | |
| Subtest Avg | | | 85 | | | | |
| | | | | | | | |
| **Applied Math** | | | | | | | |
| M21 Num Operatn | 8/10 | + | 80 | | | | |
| M22 Comp Contxt | 5/ 5 | + | 100 | | | | |
| M23 Estimation | 3/ 4 | + | 75 | | | | |
| M24 Measurement | 4/ 6 | P | 66 | | | | |
| M25 Geometry | 5/ 6 | + | 83 | | | | |
| M26 Data Analy | 3/ 6 | P | 50 | | | | |
| M27 Stat/Prob | 4/ 4 | + | 100 | | | | |
| M28 Pre-Alg/Alg | 3/ 5 | P | 60 | | | | |
| M29 Prob Solvg | 3/ 4 | + | 75 | | | | |
| Subtest Avg | | | 76 | | | | |

```
'MST'=Mastery Level   '-'=Non-Mastery   'P'=Partial Mastery   '+'=Mastery
```

Copyright © by CTB\McGraw-Hill, Inc. All Rights Reserved.

```
                  Individual Report for GUIDERA TROY     K
ID Number: 333536                              GP CB 022015 QTR
Test Date: 02/20/15                            TABE 9/10 Basic Ed
 Run Date: 02/20/15                            BOURGEOIS/OLIVIER
  Page No: 5                                   EHCC
                                               Entire group
```

```
Skill Areas       L/F   RS   NA   SS    GE   NP  NRS   NS    OM   Predicted GED
Reading           M9    44   50  557    8.3  70   4    6    80
Math Compu        M9    38   40  570    8.7  84        7   100
Applied Math      M9    38   50  550    8.2  72        6    56
Language          M9    47   55  581    9.9  87   5    7   100

Total Math              76   90  560    8.5  80   4    7
Total Battery          167  195  566    9.4  81        7
```

```
L/F=Test Lev & Frm  RS=Raw Score        NA=No. Attempted
SS=Scale Score      GE=Grade Equiv      NP=National %ile
NRS=Literary Level  NS=National Stan    OM=% Obj. Mastered
```

| Objectives | Score | MST | Percent | Objectives | Score | MST | Percent |
|---|---|---|---|---|---|---|---|
| **Reading** | | | | **Language** | | | |
| M01 Intrp Graph | 5/ 5 | + | 100 | M30 Usage | 13/16 | + | 81 |
| M02 Wd In Contx | 4/ 4 | + | 100 | M31 Sent Forma | 8/ 8 | + | 100 |
| M03 Recall Info | 12/13 | + | 92 | M32 Para Devel | 7/ 8 | + | 87 |
| M04 Const Mean | 10/14 | P | 71 | M33 Capitaliz | 6/ 8 | + | 75 |
| M05 Eval/Ex Mng | 13/14 | + | 92 | M34 Punctuation | 5/ 6 | + | 83 |
| Subtest Avg | | | 88 | M35 Writg Conv | 8/ 9 | + | 88 |
| | | | | Subtest Avg | | | 85 |
| **Math Compu** | | | | | | | |
| M11 Add Whl Num | 6/ 6 | + | 100 | Total Average | | | 86 |
| M12 Sub Whl Num | 6/ 6 | + | 100 | | | | |
| M13 Mul Whl Num | 7/ 7 | + | 100 | | | | |
| M14 Div Whl Num | 5/ 6 | + | 83 | | | | |
| M15 Decimals | 6/ 7 | + | 85 | | | | |
| M16 Fractions | 8/ 8 | + | 100 | | | | |
| Subtest Avg | | | 95 | | | | |
| **Applied Math** | | | | | | | |
| M21 Num Operatn | 9/10 | + | 90 | | | | |
| M22 Comp Contxt | 4/ 4 | + | 100 | | | | |
| M23 Estimation | 4/ 5 | + | 80 | | | | |
| M24 Measurement | 4/ 6 | P | 66 | | | | |
| M25 Geometry | 5/ 6 | + | 83 | | | | |
| M26 Data Analy | 5/ 7 | P | 71 | | | | |
| M27 Stat/Prob | 1/ 4 | - | 25 | | | | |
| M28 Pre-Alg/Alg | 2/ 4 | P | 50 | | | | |
| M29 Prob Solvg | 4/ 4 | + | 100 | | | | |
| Subtest Avg | | | 76 | | | | |

```
'MST'=Mastery Level   '-'=Non-Mastery   'P'=Partial Mastery   '+'=Mastery
```

Copyright © by CTB/McGraw-Hill, Inc. All Rights Reserved.                    Page 5

# The Supreme Court of the State of Louisiana

STATE EX REL. TROY KEITH GUIDERA

NO.   2014-KH-2044

VS.

STATE OF LOUISIANA

# 15-6512

– – – – – –

IN RE:  Guidera, Troy Keith; - Plaintiff; Applying For Supervisory
and/or Remedial Writs, Parish of St. Tammany,  22nd Judicial District
Court Div. A, No. 482123; to the Court of Appeal, First Circuit, No.
2014 KW 0778;

– – – – – –

August 28, 2015

Denied.

MRC

JTK

JLW

GGG

JDH

SJC

Supreme Court of Louisiana
August 28,2015

Katie Marianne

Clerk of Court
**Second Deputy**   For the Court

## SUPREME COURT

## STATE OF LOUISIANA

NO.

2014-KH-2044

### STATE OF LOUISIANA

### VERSUS

### TROY K. GUIDERA

---

**APPLICATION SEEKING SUPERVISORY WRIT FROM THE FIRST CIRCUIT COURT OF APPEAL NO. 2014-KW-0778; 22ND JUDICIAL DISTRICT COURT, TRIAL COURT NO. 482123, HONORABLE JUDGE R. CHILDRESS**

---

**CRIMINAL PROCEEDINGS**

RESPECTFULLY SUBMITTED BY:

*Troy Keith Guidera #333536*
Troy Keith Guidera #333536
Elayn Hunt Correctional Center
Post Office Box 174
St. Gabriel, Louisiana 70776

1.

## WRIT GRANT CONSIDERATIONS

The foregoing writ should be granted by this court pursuant to Rule X of this Court's Writ Grant Considerations, i.e. Section 1(a) 2 and 5 not only to resolve the significant issues of law left unresolved by the trial court but to also correct the gross departure from the proper judicial proceedings this case presents.

Troy Keith Guidera (Petitioner) moves this court to exercise it's Supervisory Authority and review the lower court's erroneous denial of petitioner's post conviction application and memorandum. Petitioner states, and the evidence supports that his guilty plea is unconstitutionally infirm and therefore should be vacated due to a breach of the plea bargain by the State of Louisiana.

After due consideration of the foregoing law and evidence presented, petitioner prays that this court will remand his case with orders to conduct an evidentiary hearing pursuant to Louisiana Code of Criminal Procedure, Article 930 "where there are questions of fact which cannot properly be resolved pursuant to Articles 928 and 929."

### *STATEMENT OF CASE*

Troy Keith Guidera (Petitioner) entered a guilty plea pursuant to the provisions of *North Carolina v. Alford*, 400 US 25; 91 S.Ct. 160 to a violation of La. R.S. 14:98., relative to Driving While Intoxicated (4th Offense) on June 21, 2010.

Petitioner was sentenced to twenty (20) years in the Department of Corrections (DOC) with all but seventy-five (75) days suspended. Pursuant to the negotiated plea agreement, the trial court also ordered petitioner to pay a fine, perform community service and participate in the DWI Court in addition to other conditions.

It was determined by the DWI Court that he was ineligible to participate and on September 27, 2010, petitioner was brought back before the trial court for re-sentencing. On September 27, 2010, the trial court re-sentenced petitioner to the same 20 years and suspended all but the same 75 days. At this time, the trial court ordered as a condition of probation that petitioner serve two (2) years and 75 days in the DOC.

Petitioner states that the main factor in rendering his guilty plea pursuant to the provisions of *North Carolina v. Alford* and entering into the contract with the State of Louisiana was in fact that the negotiated agreement ensured petitioner would not do more than 75 days of actual jail time and participate in the 22nd Judicial District DWI Court Program. However, the trial court erred in vacating only the "sentence" portion of the contractual plea agreement and failed in affording petitioner the opportunity to withdraw his guilty plea as is the only remedy in such instance when the State is the sole reason the plea agreement can not be enforced.

## LEGAL ANALYSIS

Troy Keith Guidera, (Petitioner) appeared before the bar in conjunction with a negotiated plea agreement between himself and the State of Louisiana pursuant to the Provisions of *North Carolina v. Alford,* 400 U.S. 25, 31, 91 S. Ct. 160, 164, 27 L. Ed. 2D 162 (1970); whereupon, the court sentenced petitioner to serve a period of twenty (20) years in the Department of Public Safety and Corrections (DOC). The court suspended all but seventy-five (75) days of said sentence to be served without the benefit of probation, parole or suspension of sentence. The court further placed petitioner on probation for a period of five (5) years with conditions that petitioner pay a fine in the sum of $5.000 and costs; perform forty (40) eight-hour days of community service activity; **participate in and successfully complete the 22nd Judicial District DWI Court program;** petitioner placed on the home incarceration with electronic monitoring for the duration of probation; the vehicle driven at the time of the offense shall be seized, impounded and sold; pay $200.00 to the Indigent Defender Fund, and, obtain a G.E.D.

As the evidence on the face of the record from the proceedings of June 21, 2010 c, petitioner, through the advice of counsel, entered into a specific plea agreement with the State of Louisiana. On September 27, 2010, the DWI Court Case Manager, Mrs. Gail Stein presented a letter to the Honorable Judge Crain showing that the "Defendant was evaluated on 9/2/10 for the determination of eligibility for the 22nd Judicial District DWI Court Program and was **NOT ACCEPTED** into the program..."

3.

Furthermore, the court *vacated petitioner's sentence* of June 21, 2010 that was in fact a negotiated contractual plea agreement for his plea of guilty. The September 27, 2010 sentence was amended on December 6, 2010 as the final judgment, making this a "straight up sentence" as the judge stated, which became a two (2) year and seventy-five (75) day sentence. Not the sentence that petitioner agreed with the State in the plea bargaining proceedings.

Petitioner states the main factor in rendering his guilty plea pursuant to the provisions of *North Carolina v. Alford* and entering into the contract with the State was in fact that the negotiated agreement ensured petitioner would not do more than 75 days of actual jail time and participate in the 22nd Judicial District DWI Court Program. However, the trial court erred in vacating only the "sentence" portion of the contractual plea agreement and failed in affording petitioner the opportunity to withdraw his guilty plea as is required by law when a plea is breached by the State.

Beginning with *State ex rel. Clark v. Marullo*, 352 So.2d 223 (La. 1977), this Supreme Court has held that the trial court could properly vacate a plea of guilty even after sentence when it determined that the facts surrounding a guilty plea rendered it "constitutionally deficient." Also, in *State v. Galliano*, 396 So.2d 1288 (La. 1981), this Supreme Court held that the Trial Judge had authority to grant a motion to vacate the sentence and to allow the withdrawal of a plea of guilty when the plea was not both voluntary and intelligently entered.

The "facts surrounding" the guilty plea of petitioner's case was that he would participate in the DWI Court Program as part of the agreement. The trial court could not invalidate the sentence in conformity with the contractual agreement reached between all parties without allowing petitioner the opportunity to withdraw his plea entirely due to the agreement not being enforceable on the State's behalf. *State Ex Rel. LaFleur v. Donnelly*, 416 So.2d 82 (1982)

In *State Ex Rel. LaFleur v. Donnelly*, supra, which is a mirror image to the instant case at bar, this Court held;

4.

> "A guilty plea has been found to be constitutionally infirm when the state does not fulfill an express or implied part of the plea bargaining agreement which precipitated the defendant's decision to so plead. *State ex rel LaFleur* 416 So.2d 82 (La. 1982); *State v. Jones*, 398 So.2d 1049 (La. 1981); {423 So. 2d 1113} *State v. Neitte*, 363 So.2d 425 (La. 1978); *State ex rel. Clark, supra.*

In *LaFleur,* the defendant ascertained that he would not have pleaded guilty to the simple burglary and possession of a firearm had he known he would be ineligible for probation or parole under the firearm statute. The defendants attorney, Clyde Fontenot had bargained with the district attorney for concurrent sentences of nine (9) years on each charge. Fontenot told the defendant that he would be eligible for parole after three years. Defendant said he would go to trial before he plead guilty in exchange for a nine year sentence. Defendant eventually plead guilty for six (6) year concurrent sentences on three charges and an additional five (5) year sentence on the firearm possession charge also concurrent with the promise of parole. Subsequently, the statute on the firearm charge eliminated the possibility of parole for the defendant. The Supreme Court of Louisiana vacated *LaFleur's* plea and remanded for further proceedings.

After vacating the original agreed upon sentence of June 21, 2010, the trial court re-sentenced petitioner to an additional two (2) years in prison which is not the agreement reached. Simply removing the condition of the DWI Court Program at re-sentencing, ADDING an additional 2 years of prison time to petitioner's contractual agreement of June 21, 2010 is clearly not the remedy for breached plea agreement. Sentencing petitioner to additional jail time without first giving petitioner the opportunity to withdraw his guilty plea renders the agreement breached and the plea constitutionally infirm.

The United States Supreme Court has held that "any amount of additional jail time has significance under *Strickland.* This test originated from the United States Supreme Court decision in *Glover v. United States,* 531 U.S. 198, 148 L.Ed 2d 604, 121 S.Ct. 696 (1/9/2001). The United States Fifth Circuit Court of Appeal adopted the test of "any

additional jail time" in determining if a defendant was prejudiced by additional jail time as to what the plea agreement contained and petitioner was led to believe. *United States v. Grammas*, 376 F.3d 433; 2004 U.S. App. LEXIS 13686.

In *Santobello v. New York*, 404 US 257 30 L Ed 2d 427, 92 S. Ct. 495 [No. 70-98], the petitioner "bargained" for a negotiated plea. It was conceded that the promise by the State of New York would abstain from making a sentencing recommendation. However, due to a lack of intercommunication between staff lawyers in the prosecutions office, the prosecution inadvertently made a sentencing recommendation.

The *Santobello* Court stated in the decision;

> "The prosecution is not in a good position to argue that its inadvertent breach of agreement is immaterial. The staff lawyers in a prosecutor's office have the burden of "letting the left hand know what the right hand is doing" or has done. That the breach of agreement was inadvertent does not lessen its impact." *Santobello,* supra.

It is well settled with both Louisiana and Federal jurisprudence that when a defendant enters into a plea agreement based upon the government's promises, the government must enforce its promises. It is through no fault of petitioner that his Counsel, the State, and the Court erroneously misled him with the false information and expectation of no more than 75 days in jail and participation in the DWI Court Program for his plea. The "true consequences" of the plea agreement is that petitioner entered into a contract with the State that cannot be legally enforced and therefore the only remedy was to afford petitioner the opportunity to withdraw the Constitutionally infirm guilty plea. Not to simply vacate the sentence and re-sentence petitioner to additional jail time.

The trial court erred in vacating only the sentence portion of the contractual plea agreement and not the conviction based on the constitutionally infirm plea of guilty by petitioner. Counsel for petitioner failed to challenge the fact that the re-sentencing of petitioner alone did not cure the breach of the contractual agreement that all parties are obligated to maintain. The First Circuit Court of Appeal sanctioned such an erroneous ruling by the trial court.

It cannot be disputed that simply re-sentencing petitioner can cure the effect of a broken and infirm guilty plea. Petitioner should have been allowed to withdraw the guilty plea being the State could not hold to their end of the contract offered and accepted. Petitioner's sentence and conviction in this matter must be vacated on the grounds of the State of Louisiana breaching the contractual plea agreement entered into on June 21, 2010.

In the order by the trial court dismissing petitioner's application for post conviction relief, the trial court incredibly states that "With regard to the allegation regarding his plea bargain, the court agrees with the state. Sentencing matters are not grounds for relief under C.Cr.P. Art. 930.3."

Petitioner did not raise a "sentencing matter" in his post conviction. Petitioner raised a breach of plea due to the trial court re-sentencing him to 2 years additional jail time when this was not a part of the plea agreement. The trial court erred by not affording petitioner the opportunity to withdraw his guilty plea before imposing an additional 2 years jail time not agreed upon in the bargain with the State. The plea bargain in this matter has been breached and must be vacated and remanded to the trial court for further proceedings in accordance with the governing law.

## CONCLUSION

Petitioner prays that this Honorable Supreme Court will agree that the guilty plea in this matter is constitutionally infirm and therefore must be vacated. Petitioner states this Court should in the very least order an evidentiary hearing on the issue of the request to withdraw a constitutionally infirm guilty plea by the breach of plea committed by the State of Louisiana.

*Troy Keith Guidera*

Troy Keith Guidera #333536
Elayn Hunt Correctional Center
Post Office Box 174
St. Gabriel, Louisiana 70776

7.

## CERTIFICATE OF SERVICE

I, Troy K. Guidera do certify that I have placed a true copy of the foregoing in the hands of prison officials for mailing to the Louisiana Supreme Court on the 19th day of September, 2014, attached with the proper pre-paid First Class Postage.  I further certify that all parties of record have been served same.

*Troy Keith Guidera #333536*
Troy Keith Guidera #333536

# STATE OF LOUISIANA

## COURT OF APPEAL, FIRST CIRCUIT

STATE OF LOUISIANA

VERSUS

TROY KEITH GUIDERA

NO.   2014 KW 0778

AUG 2 8 2014

In Re:   Troy Keith Guidera, applying for supervisory writs,
22nd Judicial District Court, Parish of St. Tammany,
No. 482123.

BEFORE:   PARRO, KUHN, AND McDONALD, JJ.

WRIT DENIED.

RHP
JEK
JMM

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
FOR THE COURT



Office Of The Clerk
## Court of Appeal, First Circuit
State of Louisiana
www.la-fcca.org

Christine L. Crow
Clerk of Court

Post Office Box 4408
Baton Rouge, LA
70821-4408
(225) 382-3000

### Notice of Judgment and Disposition

August 28, 2014

Docket Number:  2014 - KW - 0778

State Of Louisiana
     versus
Troy Keith Guidera

TO:   Troy Keith Guidera
      Elayn Hunt Correctional Cent
      P.O. Box 174
      St. Gabriel, LA 70776

Hon. Walter P. Reed
St. Tammany Parish
701 North Columbia St.
Covington, LA 70433

Hon. Raymond S. Childress
P. O. Box 608
Franklinton, LA 70438

In accordance with Local Rule 6 of the Court of Appeal, First Circuit, I hereby certify that this notice of judgment and disposition and the attached disposition were transmitted this date to the trial judge or equivalent, all counsel of record, and all parties not represented by counsel.

CHRISTINE L. CROW
CLERK OF COURT



Office Of The Clerk
## Court of Appeal, First Circuit
State of Louisiana
www.la-fcca.org

Christine L. Crow
Clerk of Court

**Notice of Writ**

May 30, 2014

Post Office Box 4408
Baton Rouge, LA
70821-4408
(225) 382-3000

2014-KW-0778

State Of Louisiana
  Versus
Troy Keith Guidera

TO:   Troy Keith Guidera              Hon. Walter P. Reed
      Elayn Hunt Correctional Cent    St. Tammany Parish
      P.O. Box 174                    701 North Columbia St.
      St. Gabriel, LA 70776           Covington, LA 70433

Re: 22nd Judicial District Court, No. 482123, "G"

The application for writs by **Troy Keith Guidera** in the matter entitled and bearing the Court of Appeal Docket number as shown above in which you are listed as counsel of record has been received and filed.

Cordially yours,

CHRISTINE L. CROW
CLERK OF COURT

cc:   Hon. William J. Crain       22nd Judicial District Court

## COURT OF APPEAL, FIRST CIRCUIT

### STATE OF LOUISIANA

NO. _____

____2014-KW-0778____

Troy K. Guidera #333536
E.H.C.C.
P.O. Box 174
St. Gabriel, La 70776

First Circuit Court of Appeal
Mrs. Christine L. Crow/Clerk
P.O. Box 4408
Baton Rouge, La 70821-4408

**RE: Writ of Supervisory Review and attached exhibit in the matter of State v. Guidera, trial court No. 482123**

Dear Mrs. Crow,

I am in need of your assistance filing the enclosed documents pursuant to the above referenced matter. If there is anything further needed of me to have this court's consideration, please do not hesitate contacting me at the above address so I may comply.

As always, thanking you in advance for your time and needed assistance in this matter.

Sincerely I Remain,

_Troy Guidera_
Troy Guidera #333536

cc/file

COURT OF APPEAL, FIRST CIRCUIT

STATE OF LOUISIANA

NO.

2014 - KW - 0778

STATE OF LOUISIANA

VERSUS

TROY K. GUIDERA

---

**APPLICATION SEEKING SUPERVISORY WRIT FROM THE 22ND JUDICIAL DISTRICT COURT, PARISH OF ST. TAMMANY, TRIAL COURT NO. 482123**

---

CRIMINAL PROCEEDINGS

RESPECTFULLY SUBMITTED BY:

*Troy Keith Guidera* #333536
Troy Keith Guidera #333536
Elayn Hunt Correctional Center
Post Office Box 174
St. Gabriel, Louisiana 70776

1

### *STATEMENT OF CASE*

Troy Keith Guidera (Petitioner) entered a guilty plea pursuant to the provisions of *North Carolina v. Alford*, 400 US 25; 91 S.Ct. 160 to a violation of La. R.S. 14:98., relative to Driving While Intoxicated (4th Offense) on June 21, 2010.

Petitioner was sentenced to twenty (20) years in the Department of Corrections (DOC) with all but seventy-five (75) days suspended. Pursuant to the negotiated plea agreement, the trial court also ordered petitioner to pay a fine, perform community service and participate in the DWI Court in addition to other conditions.

It was determined by the DWI Court that he was ineligible to participate and on September 27, 2010, petitioner was brought back before the trial court for re-sentencing. On September 27, 2010, the trial court re-sentenced petitioner to the same 20 years and suspended all but the same 75 days. At this time, the trial court ordered as a condition of probation that petitioner serve two (2) years ~~and 75 days~~ in the DOC.

Petitioner states that the main factor in rendering his guilty plea pursuant to the provisions of *North Carolina v. Alford* and entering into the contract with the State of Louisiana was in fact that the negotiated agreement ensured petitioner would not do more than 75 days of actual jail time and participate in the 22nd Judicial District DWI Court Program. However, the trial court erred in vacating only the "sentence" portion of the contractual plea agreement and failed in affording petitioner the opportunity to withdraw his guilty plea, which petitioner so desired to withdraw and 3 motions were filed on his behalf on December 13, 2010 and denied on December 16, 2010; July 19, 2011, denied July 21, 2011. *and one filed January 11, 2011 Denied January 13, 2011*

## WRIT GRANT CONSIDERATIONS

The foregoing writ should be granted by this court pursuant to Rule X of the Louisiana Supreme Court Writ Grant Considerations, i.e. Section 1(a) 2 and 5 not only to resolve the significant issues of law left unresolved by the trial court but to also correct the gross departure from the proper judicial proceedings this case presents.

Troy Keith Guidera (Petitioner) moves this court to exercise it's Supervisory Authority and review the trial court's erroneous denial of petitioner's post conviction application and memorandum. Petitioner states, and the evidence supports that his guilty plea is unconstitutionally infirm and therefore should be vacated due to a breach of the plea bargain by the State of Louisiana.

After due consideration of the foregoing law and evidence presented, petitioner prays that this court will remand his case with orders to conduct an evidentiary hearing pursuant to Louisiana Code of Criminal Procedure, Article 930 "where there are questions of fact which cannot properly be resolved pursuant to Articles 928 and 929."

3

## LEGAL ANALYSIS

Troy Keith Guidera, (Petitioner) appeared before the bar in conjunction with a negotiated plea agreement between himself and the State of Louisiana pursuant to the Provisions of *North Carolina v. Alford,* 400 U.S. 25, 31, 91 S. Ct. 160, 164, 27 L. Ed. 2D 162 (1970); whereupon, the court sentenced petitioner to serve a period of twenty (20) years in the Department of Public Safety and Corrections (DOC). The court suspended all but seventy-five (75) days of said sentence to be served without the benefit of probation, parole or suspension of sentence. The court further placed petitioner on probation for a period of five (5) years with conditions that petitioner pay a fine in the sum of $5.000 and costs; perform forty (40) eight-hour days of community service activity; **participate in and successfully complete the 22nd Judicial District DWI Court program;** petitioner placed on the home incarceration with electronic monitoring for the duration of probation; the vehicle driven at the time of the offense shall be seized, impounded and sold; pay $200.00 to the Indigent Defender Fund, and, obtain a G.E.D.

As the evidence on the face of the record from the proceedings of June 21, 2010 clearly shows, petitioner, through the advice of counsel, entered into a specific plea agreement with the State of Louisiana. On September 27, 2010, the DWI Court Case Manager, Mrs. Gail Stein presented a letter to the Honorable Judge Crain showing that the "Defendant was evaluated on 9/2/10 for the determination of eligibility for the 22nd Judicial District DWI Court Program and was **NOT ACCEPTED** into the program..."

Furthermore, the court *vacated petitioner's sentence* of June 21, 2010 that was in fact a negotiated contractual plea agreement for his plea of guilty. The September 27, 2010 sentence was amended on December 6, 2010 as the final judgment, making this a "straight up sentence" as the judge stated, which became a two (2) year and seventy-five (75) day sentence.

4

Petitioner states that the main factor in rendering his guilty plea pursuant to the provisions of *North Carolina v. Alford* and entering into the contract with the State of Louisiana was in fact that the negotiated agreement ensured petitioner would not do more than 75 days of actual jail time and participate in the 22nd Judicial District DWI Court Program. However, the trial court erred in vacating only the "sentence" portion of the contractual plea agreement and failed in affording petitioner the opportunity to withdraw his guilty plea, which petitioner so desired to withdraw and 3 motions were filed on his behalf on December 13, 2010 and denied on December 16, 2010; July 19, 2011, denied July 21, 2011.

Beginning with *State ex rel. Clark v. Marullo*, 352 So.2d 223 (La. 1977), the Supreme Court has held that the trial court could properly vacate a plea of guilty even after sentence when it determined that the facts surrounding a guilty plea rendered it "constitutionally deficient." Also, in *State v. Galliano*, 396 So.2d 1288 (La. 1981), the Supreme Court held that the Trial Judge had authority to grant a motion to vacate the sentence and to allow the withdrawal of a plea of guilty when the plea was not both voluntary and intelligently entered.

The "facts surrounding" the guilty plea of petitioner was that he would participate in the DWI Court Program as part of the agreement. The trial court could not invalidate the sentence in conformity with the contractual agreement reached between all parties without allowing petitioner the opportunity to withdraw his plea entirely due to the agreement not being enforceable on the State's behalf.

In *State Ex Rel. LaFleur v. Donnelly*, 416 So.2d 82 (1982), which is nearly a mirror image to the instant case at bar, the Louisiana Supreme Court again held that,

> "A guilty plea has been found to be constitutionally infirm when the state does not fulfill an express or implied part of the plea bargaining agreement which precipitated the defendant's decision to so plead. *State ex rel LaFleur* 416 So.2d 82 (La. 1982); *State v. Jones*, 398 So.2d 1049 (La. 1981); {423 So. 2d 1113} *State v. Neitte*, 363 So.2d 425 (La. 1978); *State ex rel. Clark, supra.*

5

In *LaFleur,* the defendant ascertained that he would not have pleaded guilty to the simple burglary and possession of a firearm had he known he would be ineligible for probation or parole under the firearm statute. The defendants attorney, Clyde Fontenot had bargained with the district attorney for concurrent sentences of nine (9) years on each charge. Fontenot told the defendant that he would be eligible for parole after three years. Defendant said he would go to trial before he plead guilty in exchange for a nine year sentence. Defendant eventually plead guilty for six (6) year concurrent sentences on three charges and an additional five (5) year sentence on the firearm possession charge also concurrent with the promise of parole. Subsequently, the statute on the firearm charge eliminated the possibility of parole for the defendant. The Supreme Court of Louisiana vacated *LaFleur's* plea and remanded for further proceedings.

After vacating the original agreed upon sentence of June 21, 2010, the trial court re-sentenced petitioner to an additional two (2) years in prison which is not the agreement reached. Simply removing the condition of the DWI Court Program at re-sentencing and ADDING an additional 2 years of prison time to petitioner's contractual agreement of June 21, 2010 is clearly not the remedy for breached plea agreement. Sentencing petitioner to additional jail time without first giving petitioner the opportunity to withdraw his guilty plea renders the agreement breached and the plea constitutionally infirm. The United States Supreme Court has held "any amount of additional jail time has significance under *Strickland.* This test originated from the United States Supreme Court decision in *Glover v. United States,* 531 U.S. 198, 148 L.Ed 2d 604, 121 S.Ct. 696 (1/9/2001). The United States Fifth Circuit Court of Appeal adopted the test of "any additional jail time" in determining if a defendant was prejudiced by additional jail time as to what the plea agreement contained and petitioner was led to believe. *United States v. Grammas,* 376 F.3d 433; 2004 U.S. App. LEXIS 13686.

6

In *Santobello v. New York*, 404 US 257 30 L Ed 2d 427, 92 S. Ct. 495 [No. 70-98], the petitioner "bargained" for a negotiated plea. It was conceded that the promise by the State of New York would abstain from making a sentencing recommendation. However, due to a lack of intercommunication between staff lawyers in the prosecutions office, the prosecution inadvertently made a sentencing recommendation. The *Santobello* Court stated in the decision;

> "The prosecution is not in a good position to argue that its inadvertent breach of agreement is immaterial. The staff lawyers in a prosecutor's office have the burden of "letting the left hand know what the right hand is doing" or has done. That the breach of agreement was inadvertent does not lessen its impact." *Santobello,* supra.

It is well settled with both Louisiana jurisprudence and Federal jurisprudence that when a defendant enters into a plea agreement based upon the government's promises, the government must enforce its promises. It is through no fault of petitioner that his Counsel, the State and the Court erroneously misled him with the false hope and expectation of no more than 75 days in jail and participation in the DWI Court Program for his plea. The "true consequences" of the plea agreement is that petitioner entered into a contract with the State that cannot be legally enforced and therefore the only remedy was to afford petitioner the opportunity to withdraw the Constitutionally infirm guilty plea. This Honorable Court, however, erred in vacating only the sentence portion of the contractual plea agreement and not the conviction based on the constitutionally infirm plea of guilty by petitioner. Counsel for petitioner failed to challenge the fact that the re-sentencing of petitioner alone did not cure the breach of the contractual agreement that all parties are obligated to maintain.

It cannot be disputed that simply re-sentencing petitioner can cure the effect of a broken and infirm guilty plea. Petitioner should have been allowed to withdraw the

guilty plea being the State could not hold to their end of the contract offered and accepted. Petitioner's sentence and conviction in this matter must be vacated on the grounds of the State of Louisiana breaching the contractual plea agreement entered into on June 21, 2010.

In the order by the trial court dismissing petitioner's application for post conviction relief, the trial court incredibly states that "With regard to the allegation regarding his plea bargain, the court agrees with the state. Sentencing matters are not grounds for relief under C.Cr.P. Art. 930.3." (Exhibit "A" is petitioner's post conviction application and memorandum and trial court denial)

Petitioner did not raise a "sentencing matter" in his post conviction. Petitioner raised a breach of plea due to the trial court re-sentencing him to 2 years additional jail time when this was not a part of the plea agreement. The trial court erred by not affording petitioner the opportunity to withdraw his guilty plea before imposing an additional 2 years jail time not agreed upon in the bargain with the State. The plea bargain in this matter has been breached and must be vacated and remanded to the trial court for further proceedings in accordance with the governing law.

## CONCLUSION

Petitioner prays that this court will agree that the guilty plea in this matter is constitutionally infirm and therefore must be vacated. Petitioner states this court should in the very least order an evidentiary hearing on the issue of the request to withdraw a constitutionally infirm guilty plea by the breach of plea committed by the State of Louisiana.

*Troy Keith Guidera #333536*
Troy Keith Guidera #333536
Elayn Hunt Correctional Center
Post Office Box 174
St. Gabriel, Louisiana 70776

8

## CERTIFICATE OF SERVICE

I, Troy K. Guidera do certify that I have placed a true copy of the foregoing in the

hands of prison officials for mailing to the First Circuit Court of Appeal on the

__2nd__ day of __April_____, 2014. I further certify that the

foregoing is attached with the proper pre-paid First Class Postage.

_Troy Keith Guidera #333536_
Troy Keith Guidera #333536

9



## Malise Prieto

**Clerk of Court**
22nd Judicial District
Parish of St. Tammany

P.O. Box 1090
Covington, LA 70434
(985) 809-8700

February 25, 2014

TROY GUIDERA #333536
ELAYN HUNT CORRECTIONAL CENTER
PO BOX 174
ST. GABRIEL, LA 70776

                      DIVISION A
                      Re:    State of La.
                            Vs. #482123
                            TROY KEITH GUIDERA

Dear Sir/Madam:

Enclosed please find a certified copy of the Order Dismissing Application for Post-Conviction Relief, which was signed by Judge Raymond S. Childress on February 24, 2014.

                                    Yours very truly,

                                    Heather O'Neill
                                    Deputy Clerk

cc:    ELAYN HUNT CORRECTIONAL CENTER
        ATTN: DEFENDANT'S CUSTODIAN
        PO BOX 174
        ST GABRIEL, LA 70776

cc:    DISTRICT ATTORNEY

TROY GUIDERA

V.

CORNELL HUBERT, WARDEN
ELAYN HUNT CORRECTIONAL
CENTER

STATE OF LOUISIANA
FILED: February 24, 2014

DOCKET NO. 482123 "G"

22nd JUDICIAL DISTRICT COURT

PARISH OF ST. TAMMANY

STATE OF LOUISIANA
DEPUTY CLERK:

## ORDER DISMISSING APPLICATION FOR POST- CONVICTION RELIEF

On June 21, 2010, ~~14, 2011~~, petitioner Troy Guidera, pled guilty to fourth offense DWI uder the provisions of North Carolina vs. Alford, 400 US 25; 91 SCT 160. According to his plea agreement, he was sentenced to twenty years at hard labor with the Department of Corrections. All but seventy five days were suspended, and he was ordered to pay a fine, perform community service, and successfully complete drug/DWI court. In August, 2010, he was disallowed from attending drug court based on a prior record by Judge William Burris. On September 27, 2010, his prior sentence was vacated, and he was re sentenced to twenty years at hard labor, all but 75 days suspended, with the previously described special conditions, and two years at hard labor as a new special condition in keeping with the minimum sentencing requirements. On December 6, 2010, the second sentence was vacated, and the petitioner was re sentenced to twenty years at hard labor, all but two years and seventy five days suspended, and the remaining fines and court costs reimposed.

Petitioner for whatever reason was released from incarceration, and was arrested on another DWI on May 7, 2011. He was convicted by jury of that offense on October 18th, 2011. (State versus Troy Guidera, Docket Number 50782, St Tammany Parish.) Based on that conviction, petitioner's probation was revoked, and he was sentenced on June 15, 2012 to twenty years at hard labor to run consecutively with his sentence in Docket Number 50782.

Petitioner has filed three separate post conviction relief applications, all making the same allegations. On May 15, 2012 , he filed his first application, which he then withdrew on June 12, 2012. He re-filed the application on October 18, 2012,

and it was denied on October 19, 2012, as premature, given that the other matters were under consideration by the First Circuit Court of Appeals.   On April 9, 2013, he re-filed his application, with requests for a hearing and transcripts. The State was ordered to file an answer into the record on October 29, 2013.

Petitioner states three claims in his Application. He claims (1)that the plea bargain was a nullity; (2) ineffective assistance of counsel based on counsel's advice to plead guilty, and (3)  ineffective assistance of counsel based on the failure to advise him of his right to appeal.

The court has reviewed the record and the transcripts of the Boykin examination of petitioner conducted at the time he entered his plea of guilty. He was represented by counsel. The court found then and in review finds the petitioner made a  free, intelligent waiver of right to trial and all associated constitutional rights.  The court found there was a factual basis for the plea.  The court further advised the petitioner at sentencing that by pleading guilty he was giving up his right to appeal, which the petitioner recognized.

With regard to the allegation regarding his plea bargain, the court agrees with the State. Sentencing matters are not grounds for relief under C.Cr.P.Art. 930.3.

After considering the application by petitioner, and the entire record of this matter,

IT IS ORDERED that the Application for Post Conviction Relief shall be denied pursuant to C.Cr.P. Art. 929 and Art. 930. The Application is without merit, and the petitioner has failed to prove any grounds upon which relief may be granted.

IT IS FURTHER ORDERED that the Clerk of Court of the Parish of St. Tammany give notice of this Order to the District Attorney for the Parish of St. Tammany , to the Petitioner's custodian, and the Petitioner by mail.

Covington, Louisiana, this  2ㄐ Day of February, 2014.

RAYMOND S. CHILDRESS
JUDGE, DIVISION "A"

1 TRUE COPY

CLERK 22nd JUD. DIST. COURT
TAMMANY PARISH, LA

**APPENDIX A**

**UNIFORM APPLICATION FOR POST-CONVICTION RELIEF**

Troy K. Guidera
NAME OF APPLICANT

333536
PRISON NUMBER

Elayn Hunt Corr. Center
PLACE OF CONFINEMENT

NO. 482123 - Div "G", "A"
(to be filled in by the clerk)

FILED

Twenty Second
JUDICIAL DISTRICT COURT

SEP 1 0 2013

PARISH OF:  St. Tammany

STATE OF LOUISIANA

Troy K. Guidera
VS.
Warden Howard Prince

CUSTODIAN (Warden, Superintendent, Jailer, or authorized person having custody of applicant)

Please serve Custodian and       Walter P. Reed

DISTRICT ATTORNEY,     22nd  JUDICIAL  DISTRICT, STATE OF LOUISIANA.

**INSTRUCTIONS—READ CAREFULLY**

(1) This application must be legibly written or typed, signed by the petitioner and sworn to before a notary public or institutional officer authorized to administer an oath. Any false statement of a material fact may serve as the basis for criminal prosecution. All questions must be answered concisely in the proper space on the form. Additional pages are not permitted except with respect to the facts which you rely upon to support your claims for relief. No citation of authorities or legal arguments are necessary.

(2) Only one judgment may be challenged in a single application except that convictions on multiple counts of a single indictment or information may be challenged in one application.

(3) YOU MUST INCLUDE ALL CLAIMS FOR RELIEF AND ALL FACTS SUPPORTING SUCH CLAIMS IN TH APPLICATION.

(4) When the application is completed, the original must be mailed to the clerk of the district court in the parish where you were convicted and sentenced.

(5) You must attach a copy of the court order sentencing you to custody. You may obtain a copy of that order from the clerk of the district court of the parish where you were sentenced or from the institution where you are confined. If a copy of the court order is not attached, you must allege what steps were taken in an effort to obtain that order.

(6) Applications which do not conform to these instructions will be returned with a notation as to the deficiency.

**APPLICATION**

1. Name and location of the court which entered the judgment of conviction challenged: _____

Twenty Second Judicial District Court, 701 North Columbia St., Covington, Louisiana 70434

2. Date of judgment of conviction:                    June 21, 2010

3. Length of sentence:                         Twenty (20) years hard labor

4. Nature of offense involved (all counts):

La. R.S. 14:98- Driving while Intoxicated (4th offense)

5. What was your plea? (check one)

(a) Not guilty ( )

(b) Guilty ( X )  **(Alford Plea)**

(c) Not guilty and Not guilty by reason of insanity ( )

If you entered a guilty plea to one or more counts and not guilty to other counts, give details:_____ N/A _____

(d) Name and address of the lawyer representing you at your trial(if you had no lawyer, please indicate)_____ N/A _____

(e) Was the lawyer appointed ( ) or hired ( ) ? (check one)

6. Kind of trial: (check one)

(a) Jury ( )

(b) Judge only ( )

7(a) Name and address of the lawyer representing you at your trial:_____

_____ N/A _____

(b) Was the lawyer appointed ( ) or hired ( ) ? (check one)

8. Did you testify at trial? Yes ( ) No ( ) ?

9 (a) Give the name and address of the lawyer who represented you at sentencing for the conviction being attacked herein: _____ Peter Ieradi/ 402 N. Jefferson St. Covington, Louisiana 70434 _____

(b) Was the lawyer appointed (X ) or hired ( ) ? (check one)

10. Did you appeal from the judgment of conviction? Yes ( ) No (X ) ?

11. If you did appeal, give the following information:

(a) Citation, docket number, and date of written opinion by the Supreme Court (if known): _____ N/A _____

(b) Name and address of lawyer representing you on appeal:_____

_____ N/A _____

(C)Was the lawyer appointed ( ) or hired ( ) ? (check one)

SCANNED

NOV 0 7 2013

12. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any application for post-conviction relief with respect to this judgment in any state or federal court? Yes (X) or No ( ) ?

    13. If your answer to 12 is "yes," give the following information:

        (a) (1) Name of Court:_____Twenty Second Judicial District Court_____

        (2) Nature of proceeding:_____Post Conviction Application_____

        (3) Claims raised:_____On June 10, 2012, I filed a Motion to Withdraw the pending Application for Post Conviction Relief due to failing to raise the proper claims and the misunderstanding of the time prescribed by law to file my Application for Post Conviction Relief. The motion was granted June 14, 2012. (See attached memorandum)_____

        (4) Did you receive an evidentiary hearing on your application? Yes ( ) No (X)

        (5) Was relief granted or denied?_____N/A

        (6) Date of disposition:_____N/A

        (7) Citation of opinion (if known):_____N/A

        (8) name and address of lawyer representing you (if none, so state):_____

_____N/A_____

        (9) Was the lawyer appointed ( ) or hired ( ) ? (check one)

        (b) As to any second application give the same information:

        (1) Name of Court:_____N/A

        (2) Nature of proceeding:_____N/A

        (3) Claims raised:_____N/A

        (4) Did you receive an evidentiary hearing on your application? Yes ( ) No (X)

        (5) Was relief granted or denied?_____N/A

        (6) Date of disposition:_____N/A

        (7) Citation of opinion (if known):_____N/A

        (8) name and address of lawyer representing you (if none, so state):_____

_____N/A_____

        (9) Was the lawyer appointed ( ) or hired ( ) ? (check one)

    (c) Have you filed any other applications for post-conviction relief with respect to the challenged conviction? Yes ( ) No (X)

If "yes" set forth the details (as above) on separate paper and attach.

    (d) Did you appeal or seek writs of review from the denial of any post-conviction application?

        (1) First petition, etc. Yes ( ) No (X)

        (2) Second petition, etc. Yes ( ) No (X)

    (e) If you did not appeal or seek writs form the denial of any post-conviction application,

NOV 07 20..

explain briefly why you did not:_____N/A_____

(f) Name of the lawyer who represented you on appeal from the denial of any post-conviction application (if none, so state):_____

_____N/A_____

(1) First petition:_____N/A_____

(2) Second petition:_____N/A_____

## CLAIMS FOR RELIEF

State concisely facts supporting your claim that you are being held unlawfully. If necessary, you may attach extra pages stating additional claims and supporting facts. Do not argue points of law.

The following is a list of those claims, and only those claims, that may provide you with grounds for relief:

(a) Denial of right to appeal.

(b) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

(c) Conviction obtained by use of coerced confession.

(d) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(e) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(f) Conviction obtained by a violation of the privilege against self-incrimination.

(g) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(h) Conviction obtained by a violation of the protection against double jeopardy.

(i) Conviction obtained by action of grand or petit jury which was unconstitutionally selected and impaneled.

(j) Denial of effective assistance of counsel.

**A REMINDER:** THE ABOVE LIST CONTAINS ONLY THOSE CLAIMS THAT YOU MAY RAISE FOR RELIEF. YOU MUST SET FORTH ALL YOUR COMPLAINTS ABOUT YOUR CONVICTION IN THIS APPLICATION. YOU MAY BE BARRED FROM PRESENTING ADDITIONAL CLAIMS AT A LATER DATE. Remember that you must state the FACTS upon which you complaints about your conviction are based. DO NOT JUST SET OUT CONCLUSIONS.

## REPETITIVE APPLICATIONS

The above claims may not provide grounds for relief if any of the following applies to you:

(1) Unless required in the interest of justice, any claim for relief which you fully litigated in an appeal shall not be considered.

(2) Any claim of which you had knowledge and inexcusably failed to raise in the proceeding leading to conviction may be denied by the court.

(3) Any claim which you raised in the trial court and inexcusably failed to pursue on appeal may be denied by the court

(4) A successive application may be dismissed if it fails to raise a new or different claim.

(5) A successive application may be dismissed if it raises a new or different claim that was inexcusably omitted from a prior application.

This application will provide space for you to explain the reasons why you failed to raise your

claims in the proceedings leading to conviction, failed to urge the claim on appeal, or failed to include the claim in a prior application.

### CLAIM I

Claim:____Ineffective Assistance of Counsel/ Breach of Plea_____

(a) Supporting FACTS (tell your story briefly without citing cases or law):_____

_____The plea agreement that was reached in the initial sentencing was not upheld. Please see the attached Memorandum in Support of Application for Post Conviction Relief._____

(b) List names and address of witnesses who could testify in support of your claim. If you cannot do so, explain why:___Peter Ieradi/ 402 N. Jefferson St. Covington, Louisiana 70434; Mr. Nick Noriea, ADA, 701 N. Columbia St., Covington, La 70433; William J. Crain, 701 N. Columbia St., Covington, La 70433_____

(c) If you failed to raised this ground in the trial court prior to conviction, on appeal or in a prior application, explain why:_____This is not a claim for direct appeal but for Post Conviction Relief and I was not informed of an appeal. (See Memorandum Attached).____

### CLAIM II

Claim:_____Ineffective Assistance Of Counsel/Gross Misadvice to plead guilty to a charge the limitation of prosecution had elapsed_____

(a) Supporting FACTS (tell your story briefly without citing cases or law):_____

_____The trial judge granted my motion to quash based on the cleansing period of the offense. The ADA sought "Emergency Writs" on the Motion to Quash that was already Granted. My attorney coerced me into pleading guilty while the Emergency Writ of the ADA was still pending with erroneous advice as to what the sentence being no more than 75 days in jail. (See Memorandum Attached)_____

(b) List names and address of witnesses who could testify in support of your claim. If you cannot do so, explain why:_____

_____Peter Ieradi/ 402 N. Jefferson St. Covington, Louisiana 70434; Mr. Nick Noriea, ADA, 701 N. Columbia St., Covington, La 70433; William J. Crain, 701 N. Columbia St., Covington, La 70433_____

(c) If you failed to raised this ground in the trial court prior to conviction, on appeal or in a prior application, explain why:___An Ineffective Assistance of Counsel Claim cannot be raised during direct appeal in which I never was informed of a right to appeal. Further, at the time I believed my attorney to be telling me the true terms of the plea agreement and only after sentencing was it discovered that he misrepresented the terms._____(See____Memorandum Attached)_____

## CLAIM III

Claim: _____ Ineffective Assistance Of Counsel/Denial Of Due Process _____

(a) Supporting FACTS (tell your story briefly without citing cases or law): _____

_____ I was brought before the court to be informed of the DWI Program denying me acceptance. The trial court stated on the record the reason I was not accepted into the DWI Program was because of my past criminal history containing charges that I have no conviction for. Upon my trying to demonstrate the information was inaccurate and false, the trial court denied me due process and opportunity to refute the false information. _____

(b) List names and address of witnesses who could testify in support of your claim. If you cannot do so, explain why: _____ Peter Ieradi/ 402 N. Jefferson St. Covington, Louisiana 70434/ Honorable Judge William J. Crain, Twenty Second Judicial District Court, 701 North Columbia St., Covington, Louisiana 70434/ Assistant District Attorney Mr. Nich F. Noriea, Jr., Twenty Second Judicial District Court, 701 North Columbia St., Covington, Louisiana 70434

(c) If you failed to raised this ground in the trial court prior to conviction, on appeal or in a prior application, explain why: _____ This is my first Application for Post Conviction Relief. I have never had the opportunity to have an appeal.     See Attached Memorandum _____

You may attach additional pages setting forth the required information (above) if additional claim are asserted.

A. Do you have in state or federal court any petition or appeal now pending as to the judgment challenged? Yes ( ) No (x ) If "yes," name the court: _____

B. Do you have any future sentence to serve after you complete the sentence imposed by the judgment challenged? Yes ( x) No ( )

(1) If so, give name and location of court which imposed sentence to be served in the future: _____ Twenty Second Judicial District Court, Parish of St. Tammany, State of Louisiana

(2) Give date and length of sentence to be served in the future: _____

_____ Twenty-five years in the Department of Corrections _____

(3) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future? Yes ( x) No ( )

## CLAIM VI

Claim: _____ Ineffective Assistance Of Counsel/Denial Of Right To Appeal _____

(a) Supporting FACTS (tell your story briefly without citing cases or law): _____

_____ I was never informed by my attorney or the court of my right to an appeal.I was in fact informed that I have no right to appeal by my counsel. (See Attached

Memorandum).

(b) List names and address of witnesses who could testify in support of your claim. If you cannot do so, explain why:_____ Peter Ieradi/ 402 N. Jefferson St. Covington, Louisiana 70434/ Honorable Judge William J. Crain, Twenty Second Judicial District Court, 701 North Columbia St., Covington, Louisiana 70434/ Assistant District Attorney Mr. Nich F. Noriea, Jr., Twenty Second Judicial District Court, 701 North Columbia St., Covington, Louisiana 70434

(c) If you failed to raised this ground in the trial court prior to conviction, on appeal or in a prior application, explain why:_____ I was led to believe that I had no right to appeal the sentence and conviction relieving me of 20 years of liberty interest as explained by the Court. I was further told by my attorney that I relinquished my right to appeal. This is my first Application for Post Conviction Relief. (See Attached Memorandum)._____

You may attach additional pages setting forth the required information (above) if additional claim are asserted.

A. Do you have in state or federal court any petition or appeal now pending as to the judgment challenged? Yes ( ) No (x ) If "yes," name the court:

B. Do you have any future sentence to serve after you complete the sentence imposed by the judgment challenged? Yes ( x) No ( )

(1) If so, give name and location of court which imposed sentence to be served in the future:_____ Twenty Second Judicial District Court, Parish of St. Tammany, State of Louisiana

(2) Give date and length of sentence to be served in the future:_____

_____ Twenty-five years in the Department of Corrections

(3) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future? Yes ( x) No ( )

_____ C. If a copy of the court order sentencing you to custody is not attached, explain why:_____ A copy of the court order sentencing me to custody is attached._____

**WHEREFORE**, petitioner prays that the Court grant him relief in the form of an evidentiary hearing pursuant to the Louisiana Code of Criminal Procedure, Article 930.

_____
Signature of Petitioner

**9- 9- 2013**
_____
Day/Month/Year

**DECLARATION AGAINST PENALTY OF PERJURY**

I, Troy K. Guidera, do hereby declare pursuant to 28 USC § 1746 that the foregoing is

true and correct to the best of information, knowledge and belief.

*Troy K. Guidera*
Troy K. Guidera #333536

**CERTIFICATE OF SERVICE**

I, Troy K. Guidera do hereby certify that I have placed a true copy of the foregoing in

the hands of prison officials on the **9** day of ~~August~~ September 2013,

attached with the proper pre-paid First Class Postage.

*Troy K. Guidera #333536*
Troy K. Guidera #333536

SWORN   AND   SUBSCRIBED   BEFORE   ME   THIS   9th DAY   OF

~~August~~ , 2013.

NOTARY PUBLIC OR AUTHORIZED INSTITUTION
PERSONNEL TO ADMINISTER OATH

A TRUE COPY

DY CLERK 22nd JUD. DIST. COURT
ST. TAMMANY PARISH, LA

Robert R. Rochester Jr.
Notary Public #63477
La Bar Roll #30292
Commissioned for Life

## MEMORANDUM OF LAW IN SUPPORT OF PETITIONER
## TROY K. GUIDERA'S APPLICATION FOR POST CONVICTION RELIEF

### CLAIM ONE (1): INEFFECTIVE ASSISTANCE OF COUNSEL/BREACH OF NEGOTIATED PLEA

The Sixth Amendment guarantees criminal defendant's the right to effective assistance of counsel during plea bargain negotiations. *Hill V. Lockhart,* 474 U.S. 52, 57-59 (1985); *Padilla v. Kentucky,* 130 S. Ct. 1473, 1480-1481 (2010). The standard is the familiar one set out in *Strickland v. Washington,* 466 U.S. 668 (1984). A defendant establishes ineffective assistance by showing (1) "that counsel's representation fell below an objective standard of reasonableness," *Id.* at 688, and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *Id.* at 694. *Premo v. Moore,* 131 S. Ct. 733, 737-738, 739-740 (2011); *Wright v. Van Patten*, 552 U.S. 120, 124 (2008); *Hill,* 474 U.S. at 57-58.

Troy Keith Guidera, (Petitioner) appeared before the bar in conjunction with a negotiated plea agreement between himself and the State of Louisiana pursuant to the Provisions of *North Carolina v. Alford,* 400 U.S. 25, 31, 91 S. Ct. 160, 164, 27 L. Ed. 2D 162 (1970); whereupon, the court sentenced petitioner to serve a period of twenty (20) years in the Department of Public Safety and Corrections (DOC). The court suspended all but seventy-five (75) days of said sentence to be served without the benefit of probation, parole or suspension of sentence. The court further placed petitioner on probation for a period of five (5) years with conditions that petitioner pay a fine in the sum of $5.000 and costs; perform forty (40) eight-hour days of community service activity; **participate in and successfully complete the 22nd Judicial District DWI Court program;** petitioner placed on the home incarceration with electronic monitoring for the duration of probation; the vehicle driven at the time of the offense shall be seized, impounded and sold; pay $200.00 to the Indigent Defender Fund, and, obtain a G.E.D. **(See Sentencing Minutes and Transcripts of June 21, 2010 attached).**

1

As the evidence on the face of the record from the proceedings of June 21, 2010 clearly shows, petitioner, through the advice of counsel, entered into a specific plea agreement with the State of Louisiana. On September 27, 2010, the DWI Court Case Manager, Mrs. Gail Stein presented a letter to the Honorable Judge Crain showing that the "Defendant was evaluated on 9/2/10 for the determination of eligibility for the 22nd Judicial District DWI Court Program and was **NOT ACCEPTED** into the program..." **(See attached Exhibit "B").**

Furthermore, the court *vacated petitioner's sentence* of June 21, 2010 that was in fact a negotiated contractual plea agreement for his plea of guilty. The September 27, 2010 sentence was amended on December 6, 2010 as the final judgment, making this a "straight up sentence" as the judge stated, which became a two (2) year and seventy-five (75) day sentence.

Petitioner states that the main factor in rendering his guilty plea pursuant to the provisions of *North Carolina v. Alford* and entering into the contract with the State of Louisiana was in fact that the negotiated agreement ensured petitioner would not do more than 75 days of actual jail time and participate in the 22nd Judicial District DWI Court Program. However, the trial court erred in vacating only the "sentence" portion of the contractual plea agreement and failed in affording petitioner the opportunity to withdraw his guilty plea, which petitioner so desired to withdraw and a motion was filed in his behalf on January 11, 2011, subsequently denied January 13, 2011.

Beginning with *State ex rel. Clark v. Marullo*, 352 So.2d 223 (La. 1977), the Supreme Court has held that the trial court could properly vacate a plea of guilty even after sentence when it determined that the facts surrounding a guilty plea rendered it "constitutionally deficient." Also, in *State v. Galliano*, 396 So.2d 1288 (La. 1981), the Supreme Court held that the Trial Judge had authority to grant a motion to vacate the sentence and to allow the withdrawal of a plea of guilty when the plea was not both voluntary and intelligently entered.

The "facts surrounding" the guilty plea of petitioner was that he would participate in the DWI Court Program as part of the agreement. The trial court could not invalidate the sentence in conformity with the contractual agreement reached between all parties without allowing petitioner the opportunity to withdraw his plea entirely due to the agreement not being enforceable on the State's behalf.

In *State Ex Rel. LaFleur v. Donnelly*, 416 So.2d 82 (1982), which is nearly a mirror image to the instant case at bar, the Louisiana Supreme Court again held that,

> "A guilty plea has been found to be constitutionally infirm when the state does not fulfill an express or implied part of the plea bargaining agreement which precipitated the defendant's decision to so plead. *State ex rel LaFleur* 416 So.2d 82 (La. 1982); *State v. Jones*, 398 So.2d 1049 (La. 1981); {423 So. 2d 1113} *State v. Neitte*, 363 So.2d 425 (La. 1978); *State ex rel. Clark, supra*.

In *LaFleur,* the defendant ascertained that he would not have pleaded guilty to the simple burglary and possession of a firearm had he known he would be ineligible for probation or parole under the firearm statute. The defendants attorney, Clyde Fontenot had bargained with the district attorney for concurrent sentences of nine (9) years on each charge. Fontenot told the defendant that he would be eligible for parole after three years. Defendant said he would go to trial before he plead guilty in exchange for a nine year sentence. Defendant eventually plead guilty for six (6) year concurrent sentences on three charges and an additional five (5) year sentence on the firearm possession charge also concurrent with the promise of parole. Subsequently, the statute on the firearm charge eliminated the possibility of parole for the defendant. The Supreme Court of Louisiana vacated *LaFleur's* plea and remanded for further proceedings.

After vacating the original agreed upon sentence of June 21, 2010, the trial court re-sentenced petitioner to an additional two (2) years in prison which is not the agreement reached. Simply removing the condition of the DWI Court Program at re-

3

sentencing and ADDING an additional 2 years of prison time to petitioner's contractual agreement of June 21, 2010 is clearly not the remedy for breached plea agreement. Sentencing petitioner to additional jail time without first giving petitioner the opportunity to withdraw his guilty plea renders the agreement breached and the plea constitutionally infirm. The United States Supreme Court has held "any amount of additional jail time has significance under *Strickland*. This test originated from the United States Supreme Court decision in *Glover v. United States,* 531 U.S. 198, 148 L.Ed 2d 604, 121 S.Ct. 696 (1/9/2001). The United States Fifth Circuit Court of Appeal adopted the test of "any additional jail time" in determining if a defendant was prejudiced by additional jail time as to what the plea agreement contained and petitioner was led to believe. *United States v. Grammas,* 376 F.3d 433; 2004 U.S. App. LEXIS 13686.

A plea bargain agreement is considered to be a contract between the state and the criminal defendant. *State v. Nall,* 379 So.2d 731 (La. 1980); *State v. Cheatham,* 44,247 (La.App. 2 Cir. 5/13/09), 12 So. 3d 1047, and citations therein. If the state is a party to a plea bargain agreement, the bargain must be enforced. *Santobello v. New York*, 404 U.S. 257, 92 S. Ct. 495, 30 L. Ed. 2d 427 (1971); *State v. Cheatham,* supra. The party demanding performance [Pg 6] of a plea bargain agreement has the burden of proving its existence. *State v. Givens,* 99-3518 (La. 1/17/01), 776 So.2d 443; *State v. Bosworth*, 451 So.2d 1070 (La. 1984); *State v. Phillips,* 09-455 (La.App. 5 Cir. 03/09/10), 39 So. 3d 610. Under substantive criminal law, there are two alternative remedies available for a breach of a plea bargain: (1) specific performance of the agreement, or (2) nullification or withdrawal of the guilty plea. *State v. Givens,* supra; *State v. Phillips*, supra.

An obligation or contract cannot exist without a lawful cause. LSA-C.C. Art. 1966. Cause is the reason why a party obligates himself. LSA-C.C. Art. 1967. {687 So.2d 526} In the instant case, it is obvious that one of the reasons why petitioner entered the plea bargain was that he would have the benefit of the DWI Court Program.

4