**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **TROY KEITH GUIDERA** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-6512** |
| **ROBERT C. TANNER, WARDEN** | **SECTION "F"(4)** |

**REPORT AND RECOMMENDATION**

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations pursuant to **28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. *See* 28 U.S.C. § 2254(e)(2) (2006).[1]

## I. Factual Background

The petitioner, Troy Keith Guidera ("Guidera"), is a convicted inmate incarcerated in the Elayn Hunt Correctional Center in St. Gabriel, Louisiana.[2] On January 4, 2010, Guidera was charged by Bill of Information in St. Tammany Parish with a fourth offense driving while intoxicated ("DWI").[3] On June 21, 2010, Guidera entered a plea of guilty to the charge under *North Carolina v. Alford*, and the Trial Court sentenced him to serve twenty years at hard labor.[4]

[1]Under 28 U.S.C. § 2254(e)(2), an evidentiary hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by the exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2]Rec. Doc. No. 3.

[3]St. Rec. Vol. 1 of 6, Bill of Information, 1/4/10.

[4]St. Rec. Vol. 1 of 6, Plea Minutes, 6/21/10; Plea Transcript, 6/21/10; St. Rec. Vol. 2 of 6, Commitment Order, 6/21/10.

The Court suspended all but seventy-five days of the sentence to be served without benefit of parole, probation, or suspension of sentence. Thereafter, Guidera was to be on probation for five years under home incarceration with electronic monitoring. The Court also assigned special conditions which included but were not limited to, that Guidera pay a fine of $5,000 and costs, perform forty eight-hour days of community service, and successfully complete the Drug Court Program.[5] The Court later denied Guidera's motion to correct his sentence.[6]

The Trial Court was notified by letter dated September 2, 2010, that Guidera was not accepted into the Drug Court Program because of his criminal history.[7] As a result, on September 27, 2010, the court vacated the prior sentence and resentenced Guidera to twenty years in prison at hard labor.[8] Ultimately, the Court suspended all but seventy-five days of the sentence to be served at hard labor with credit for time served and without benefit of parole, probation, or suspension of sentence, after which he would serve five years of supervised probation. The Court also ordered that, while incarcerated, Guidera complete the Blue Walters Drug Treatment Program and earn a G.E.D.[9] The Court also imposed special conditions of probation for Guidera to serve two years at hard labor, pay the $5,000 fine, and attend outpatient drug treatment.[10]

---

[5]*Id*.; St. Rec. Vol. 1 of 6, Drug Court Client Disclosure, 6/21/10.

[6]St. Rec. Vol. 1 of 6, Motion to Correction Illegal Sentence, 8/5/10; Trial Court Order, 8/6/10.

[7]St. Rec. Vol. 1 of 6, Letter to the Court, 9/2/10.

[8]St. Rec. Vol. 2 of 6, Sentencing Transcript, pp. 8-10, 11, 9/27/10.

[9]*Id*., pp. 7-8.

[10]*Id*., pp. 8, 10-11.

Guidera submitted a motion to reconsider the sentence on October 24, 2010, which was summarily denied by the Trial Court on October 27, 2010.[11] The Court also denied Guidera's second motion to correct the sentence on November 16, 2010.[12]

However, the Trial Court amended the sentence on December 6, 2010, to clarify that all but two years and seventy-five days were suspended with the five-year probationary period to begin thereafter.[13] Guidera's appointed counsel filed a motion to reconsider the sentence on December 13, 2010, which the Trial Court denied on December 16, 2010.[14]

Guidera's conviction and corrected sentence became final thirty (30) days later, on Tuesday, January 18, 2011,[15] because he did not seek review of the denial of the motion to reconsider or file an appeal from the conviction or sentence. La. Code Crim. P. art. 914;[16] *Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008) ("a conviction becomes final when the time for seeking further direct review in the state court expires.") (quoting *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003)); *see also Burton v. Stewart*, 549 U.S. 147 (2007) (in a criminal case, judgment includes conviction and sentence, therefore the AEDPA "limitations period did not begin until

---

[11]St. Rec. Vol. 1 of 6, Motion to Reconsider Sentence, 10/26/10; Trial Court Order, 10/27/10.

[12]St. Rec. Vol. 1 of 6, Motion to Correct Illegal Sentence, 11/8/10; Trial Court Order, 11/16/10.

[13]St. Rec. Vol. 1 of 6, Sentencing Minutes, 12/6/10; Sentencing Transcript, 12/6/10.

[14]St. Rec. Vol. 1 of 6, Motion to Reconsider Sentence, 12/13/10; Trial Court Order, 12/16/10.

[15]The thirtieth day was Saturday, January 15, 2011, and Monday, January 17, 2011 was Martin Luther King Day. This caused the last day of the period to fall to the next business day, Tuesday, January 18, 2011. Fed. R. Civ. P. 6(a)(1)(C); La. Code Crim. P. art. 13.

[16]Louisiana law requires a criminal defendant to move for leave to appeal within thirty (30) days of the order or judgment that was being appealed or of a ruling on a timely motion to reconsider a sentence. La. Code Crim. P. art. 914 (as amended La. Acts 2003, No. 949, § 1). A motion to reconsider is timely if filed within thirty days of the sentence. La. Code Crim. P. art. 881.1. Failure to move timely for appeal under Art. 914 rendered the conviction and sentence final at the expiration of that period. State v. Counterman, 475 So.2d 336, 338 (La. 1985).

both his conviction and sentence 'became final by the conclusion of direct review or the expiration of the time for seeking such review,'" citing 28 U.S.C. § 2244(d)(1)(A)).

In the meantime, beginning December 13, 2010, Guidera and his appointed counsel continued to file motions to withdraw the guilty plea or reconsider the sentence, all of which were summarily denied by the Trial Court on or before January 13, 2011.[17] Guidera did not seek review of any of the Trial Court's orders.

About six months later, on July 19, 2011, Guidera's counsel filed additional motions to reconsider the sentence and withdraw the plea, both of which were summarily denied by the Trial Court on July 21, 2011.[18] Guidera did not seek review of those orders.

Ten months later, on May 10, 2012, the Trial Court received a motion to revoke Guidera's probation because he pleaded guilty to another fourth offense DWI on June 29, 2011, committed while he was on probation in the instant case.[19] While this matter was pending, Guidera submitted and later withdrew an application for post-conviction relief challenging his conviction and sentence claiming that his plea was invalid because it was based on misinformation, misunderstanding, and a change in circumstances of his case.[20]

At a hearing held on June 15, 2012, the Trial Court revoked Guidera's probation and committed him to the custody of the Department of Corrections to serve the remainder of his

[17]St. Rec. Vol. 1 of 6, Motion to Withdraw Plea, 12/13/10; Trial Court Order (2), 12/16/10; Motion to Withdraw Guilty Plea, 1/11/11; Trial Court Order, 1/13/11; Motion to Reconsider Sentence, 1/11/11; Trial Court Order (2), 1/13/11.

[18]St. Rec. Vol. 1 of 6, Motion to Withdraw Plea, 7/19/11; Trial Court Order, 7/21/11.

[19]St. Rec. Vol. 1 of 6, Motion to Revoke Probation, 5/10/12.

[20]St. Rec. Vol. 1 of 6, Application for Post-Conviction Relief, 5/17/12 (dated 5/4/12); Motion to Withdraw Application, 6/12/12; Trial Court Order, 6/14/12; *see also*, D.A.'s Answer, 6/5/12.

twenty-year sentence consecutive to any other sentence he was serving.[21] Guidera sought review of the revocation in the Louisiana First Circuit.

While that was pending, Guidera submitted another application for post-conviction relief to the Trial Court on September 21, 2012, asserting several grounds of ineffective assistance of counsel.[22] The Trial Court dismissed the application as premature on October 18, 2012, because Guidera had filed a writ application challenging his revocation.[23] Soon thereafter, on November 5, 2012, the Louisiana First Circuit Court of Appeal denied Guidera's post-revocation writ application as procedurally improper for failure to include relevant documents necessary for its review.[24] Guidera did not seek review of this order.

On January 7, 2013, Guidera submitted a more complete writ application to the Louisiana First Circuit seeking review of his conviction, sentence, and revocation.[25] The Court denied relief without stated reasons on March 25, 2013.[26] Following this, on April 22, 2013, Guidera submitted a writ application to the Louisiana Supreme Court seeking review of the appellate court's order.[27] Guidera eventually withdrew the application prior to any ruling from the Court.[28]

[21]St. Rec. Vol. 1 of 6, Revocation Hearing Transcript, 6/15/12; Commitment Order, 6/15/12.

[22]St. Rec. Vol. 1 of 6, Application for Post-Conviction Relief, 10/1/12 (dated 9/21/12).

[23]St. Rec. Vol. 1 of 6, Trial Court Order, 10/18/12.

[24]St. Rec. Vol. 4 of 6, 1st Cir. Order, 2012-KW-1537, 11/5/12.

[25]St. Rec. Vol. 3 of 6, 1st Cir. Writ Application, 2013-KW-0049, 1/7/13 (dated 1/7/13).

[26]St. Rec. Vol. 3 of 6, 1st Cir. Order, 2013-KW-0049, 3/25/13.

[27]St. Rec. Vol. 4 of 6, La. S. Ct. Writ Application, 13-KH-921, 4/25/13 (dated 4/22/13); La. S. Ct. Letter, 2013-KH-921, 4/25/13.

[28]St. Rec. Vol. 4 of 6, Motion to Dismiss, 13-KH-921, 8/27/13 (dated 8/21/13); Letter from Central Staff, 8/15/13.

On April 1, 2013, Guidera submitted a pleading seeking post-conviction relief to the Trial Court,[29] and they were returned to him on April 10, 2013, unfiled as procedurally deficient.[30] Four months later, on August 5, 2013, Guidera moved the Trial Court to schedule a hearing to discuss his 2012 revocation hearing.[31] The Court granted the motion and scheduled a hearing.[32]

Before the hearing could be held, Guidera submitted another application for post-conviction relief to the Trial Court in which he asserted the following grounds for relief:[33] (1) Ineffective assistance of counsel for breach of the plea; (2) Ineffective assistance of counsel for gross "misadvice" to plead guilty to a charge for which the limitation of prosecution had lapsed; (3) Ineffective assistance of counsel for denial of due process; and (4) Ineffective assistance of counsel for denial of the right to appeal.

The Trial Court conducted a hearing to determine the nature of Guidera's post-conviction application and ordered the District Attorney to respond to the claims asserted.[34] After receipt of an answer from the State, the Trial Court denied the application on February 24, 2014, finding no merit in the claims asserted and finding that any challenge to the plea-bargained sentence was not

[29]St. Rec. Vol. 2 of 6, Letter to Trial Court Clerk, 4/9/13 (dated 4/1/13).

[30]St. Rec. Vol. 2 of 6, Letter to Guidera, 4/10/13.

[31]St. Rec. Vol. 2 of 6, Motion for Hearing, 8/9/13 (dated 8/5/13).

[32]St. Rec. Vol. 2 of 6, Trial Court Order, 9/9/13.

[33]St. Rec. Vol. 2 of 6, Application for Post-Conviction Relief, 9/10/13 (dated 9/9/13).

[34]St. Rec. Vol. 2 of 6, Hearing Transcript, 10/29/13; *see also* Motion for Hearing, 10/7/13.

properly raised on post-conviction review under La. Code Crim. P. art. 930.3.[35] The Court later denied Guidera's untimely request for rehearing.[36]

The Louisiana First Circuit denied Guidera's related writ application without stated reasons on August 28, 2014.[37] Guidera also filed for review in the Louisiana Supreme Court asserting that his guilty plea was infirm and should be withdrawn.[38] The Court denied the writ application on August 25, 2015, without stated reasons.[39]

## II. Federal Habeas Petition

On December 11, 2015, the clerk of this Court filed Guidera's petition for federal habeas corpus relief in which he asserts five grounds for relief:[40] (1) Ineffective assistance of counsel for breach of the plea agreement; (2) Ineffective assistance of counsel for failure to file a motion to quash the prosecution; (3) Ineffective assistance of counsel for denial of due process before being rejected from the drug court program; (4) Ineffective assistance of counsel for denial of the right to appeal; and (5) Ineffective assistance of counsel for failure to investigate the prior DWI convictions.

---

[35]St. Rec. Vol. 2 of 6, Trial Court Order, 2/24/14; D.A.'s Answer, 11/7/13.

[36]St. Rec. Vol. 2 of 6, Motion for Rehearing, 10/28/14 (dated 10/26/14); Trial Court Order, 2/23/15.

[37]St. Rec. Vol. 5 of 6, 1st Cir. Order, 2014-KW-0778, 8/28/14; 1st Cir. Writ Application, 2014-KW-0778, 4/8/14 (dated 4/2/14); *see also*, St. Rec. Vol. 2 of 6, Notice of Intent, 3/10/14; Trial Court Order, 3/12/14 (granting through 4/14/14 to seek writs).

[38]St. Rec. Vol. 6 of 6, La. S. Ct. Writ Application, 14-KH-2044, 9/30/14 (dated 9/19/14); St. Rec. Vol. 2 of 6, La. S. Ct. Letter, 2014-KH-2044, 10/1/14.

[39]*State ex rel. Guidera v. State*, 175 So.3d 404 (La. 2015); St. Rec. Vol. 6 of 6, La. S. Ct. Order, 2014-KH-2044, 8/28/15.

[40]Rec. Doc. No. 3.

The State filed a response in opposition to the petition arguing that the petition was not timely filed under federal law.[41] The State also contends that the claims are in procedural default as having been untimely presented and procedurally barred in the state courts.

## III. **General Standards of Review**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214,[42] applies to this petition, which is deemed filed in this Court under the federal mailbox rule on November 23, 2015.[43] The threshold questions on habeas review under the amended statute are whether the petition is timely and whether the claim raised by the petitioner was adjudicated on the merits in state court; *i.e.*, the petitioner must have exhausted state court remedies and the claims must not be in "procedural default." *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

The State contends that Guidera's petition was not timely filed under federal law. In spite of being ordered to do so, the State did not address exhaustion or procedural default, although it

[41]Rec. Doc. No. 7.

[42]The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254, and applied to habeas petitions filed after its effective date, April 24, 1996. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)). The AEDPA, signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. *United States v. Sherrod*, 964 F.2d 1501, 1505 n.11 (5th Cir. 1992).

[43]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). The clerk of court docketed Guidera's federal habeas petition on December 11, 2015, after Guidera corrected certain filing deficiencies. Guidera signed and dated the original submission on November 23, 2015, which is the earliest date appearing in the record on which he could have delivered his pleadings to prison officials for mailing to a federal court. The fact that he later paid the filing fee does not alter the application of the federal mailbox rule to his pro se petition. See *Cousin v. Lensing*, 310 F.3d 843, 847 (5th Cir. 2002) (mailbox rule applies even if the filing fee is not paid at time of mailing) (citing *Spotville*, 149 F.3d at 376).

reserved the right to urge these defenses. Nevertheless, the record indicates and the Court finds that Guidera's petition was not timely filed and should be dismissed for that reason.

## IV. Statute of Limitations

The AEDPA requires a petitioner to bring his § 2254 claim within one year of the date his conviction became final.[44] *Duncan v. Walker*, 533 U.S. 167, 176-80 (2001). As calculated above, Guidera's conviction was final under federal law on January 18, 2011, when he did not seek timely review of his conviction and sentence. Pursuant to § 2244, Guidera had one year from that date, or until January 18, 2012, to timely file a federal habeas petition, which he did not do. Thus, literal application of the statute would bar Guidera's petition as of that date unless he is entitled to tolling as provided for under the AEDPA.

### A. Statutory Tolling

Section 2244(d)(2) provides that the time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation. *See* 28 U.S.C. § 2244(d)(2). In

---

[44]The statute of limitations provision of the AEDPA provides for other triggers which do not apply here:
(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

A. the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

B. the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;

C. the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

D. the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. 28 U.S.C. § 2244(d).

order for a state post-conviction application to be considered "properly filed" within the meaning of § 2244(d)(2), the applicant must have complied with all of the State's procedural requirements, such as timeliness and place of filing. *Pace v. DiGuglielmo*, 544 U.S. 408, 413-14 (2005); *Williams v. Cain*, 217 F.3d 303, 306-08 & n.4 (5th Cir. 2000) (quoting *Smith v. Ward*, 209 F.3d 383, 384-85 (5th Cir. 2000)); *Villegas v. Johnson*, 184 F.3d 467, 468-69 (5th Cir. 1999), *reh'g denied*, 196 F.3d 1259 (5th Cir. 1999) (Table). For purposes of the AEDPA, a timeliness calculation in Louisiana requires the application of the prison mailbox rule to state pleadings. *Causey v. Cain*, 450 F.3d 601, 604-05 (5th Cir. 2006). The Court has applied this rule in presenting the procedural history recited above.

A matter is "pending" for § 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'" *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002); *Williams*, 217 F.3d at 310 (quoting *Bennett v. Artuz,* 199 F.3d 116, 120 (2d Cir. 1999)) (finding that a matter is "pending" for Section 2244(d)(2) purposes until further appellate review is unavailable under Louisiana's procedures.'"); *see also Melancon v. Kaylo*, 259 F.3d 401, 405 (5th Cir. 2001).

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition. *Dillworth v. Johnson*, 215 F.3d 497, 501 (5th Cir. 2000) (finding that a state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); *Nara v. Frank*, 264 F.3d 310, 316 (3d Cir. 2001), *overruled on other grounds by Carey*, 536 U.S. 214 (finding that a motion to withdraw a guilty plea is "other collateral review"). A "pertinent judgment or claim" requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in

the federal petition and must have addressed the same substantive claims now being raised in the federal petition. *Godfrey v. Dretke*, 396 F.3d 681, 687-88 (5th Cir. 2005).

However, requests for document and transcript copies, like those pursued by the petitioner in the state courts, are not "other collateral review" for purposes of the tolling calculation. *Osborne v. Boone*, 176 F.3d 489, 1999 WL 203523, at *1 (10th Cir. Apr. 12, 1999) (Table, Text in Westlaw) (motion for transcript copies is not "other collateral review" for tolling purposes); *Brown v. Cain*, 112 F. Supp. 2d 585, 587 (E.D. La. 2000), *aff'd*, 239 F.3d 365 (5th Cir. 2000); *Gerrets v. Futrell*, No. 01-3080, 2002 WL 63541, at *1 (E.D. La. Jan. 16, 2002) (Vance, J.); *Jones v. Johnson*, No. 01-CV-0115-G, 2001 WL 1006062, at *3 (N.D. Tex. Aug. 13, 2001) (petitioner should file application and then continue to gather transcripts); *Grayson v. Grayson*, 185 F. Supp. 2d 747, 751-52 (E.D. Mich. Jan. 3, 2002) (delay in receipt of transcript not required to file the application, does not warrant equitable tolling).

In the instant case, Guidera's conviction became final on January 18, 2011. At that time, he had several motions pending which challenged his guilty plea and sentence. Affording him every benefit, the Court considers those matters to have remained pending, and to have tolled the AEDPA filing period, until Monday, February 14, 2011,[45] the end of the period for Guidera to have sought review of the denial of his motions.

Thus, the AEDPA one-year filing period began to run on February 15, 2011, and continued to run uninterrupted for one-hundred and fifty-four (154) days until July 19, 2011, when Guidera's

[45]The thirtieth day was Saturday, February 12, 2011, which left the last day of the period to fall to the next business day, Monday, February 14, 2011. Fed. R. Civ. P. 6(a)(1)(C); La. Code Crim. P. art. 13.

counsel filed another motion to reconsider the sentence. The filing period remained tolled until Monday, August 22, 2011,[46] when Guidera did not seek review of the denial of the motion.

The filing period began to run again on August 23, 2011, and continued to do so for two-hundred and eleven (211) days, or until March 20, 2012, when it expired. Guidera had no properly filed state application for post-conviction or other collateral review pending during that time period.

The Court recognizes that Guidera was on parole during portions of the elapsed time period and that parole was revoked on June 15, 2012. However, Guidera's claims address the original guilty plea and sentencing and do not challenge the revocation. The federal courts have held that, when the claims asserted in a federal petition challenge the validity of the original guilty plea forming the basis of the underlying conviction, and do not challenge the revocation of the parole, "the statute of limitations [is] not affected by the fact that [petitioner] was released on parole and that parole was later revoked." *Green v. Warden*, No. 12-0853, 2012 WL 5463830, at *3 (E.D. La. Oct.1, 2012) (citing *Heiser v. Johnson*, 263 F.3d 162, 2001 WL 803542, at *1-2 (5th Cir. Jun.8, 2001) (Table, Text in Westlaw)), *reported adopted*, 2012 WL 5463819, at *1 (E.D. La. Nov. 8, 2012). The claims asserted in this case strictly challenge Guidera's underlying conviction in 2010, not the revocation of his parole. For this reason, the AEDPA statute of limitations runs from the finality of his conviction, not from the revocation of parole. *Heiser*, 2001 WL 803542, at *2 (holding that limitations runs from finality of underlying conviction unless the petition is

[46]The thirtieth day was Saturday, August 20, 2011, which left the last day of the period to fall to the next business day, Monday, August 22, 2011. Fed. R. Civ. P. 6(a)(1)(C); La. Code Crim. P. art. 13.

challenging the parole revocation which constitutes a later predicate under § 2244(d)); *see also*, *St. Clair v. Harry*, No. 11-cv-691, 2011 WL 3814678, at *3 (E.D. Mich. Jul. 26, 2011) (same).

In addition to the period set forth above, Guidera allowed an additional 164 days to lapse without a properly filed state application for post-conviction or other collateral review. The record demonstrates that Guidera's federal petition deemed filed on November 23, 2015, was not timely filed in this Court under the AEDPA.[47]

**B. <u>No Equitable Tolling</u>**

The post-AEDPA jurisprudence also provides for equitable tolling where rare or extraordinary circumstances may have prevented a diligent petitioner from timely pursuing federal habeas corpus. *Pace*, 544 U.S. at 418; *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), *cert. denied*, 531 U.S. 1164 (2001); *Cantu-Tzin v. Johnson*, 162 F.3d 295, 299 (5th Cir. 1998); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074 (1999). Equitable tolling is warranted <u>only</u> in situations where the petitioner was actively misled or is prevented in

[47]Although not yet mentioned by Guidera, the Court notes for the benefit of a reviewing court that the United States Supreme Court's holdings in *Martinez v. Ryan*, __ U.S. __, 132 S. Ct. 1309 (2012) and *Trevino v. Thaler*, __ U.S. __, 133 S. Ct. 1911 (2013), do not alter the application of the AEDPA statute of limitations or provide a basis for review of this <u>untimely</u> <u>federal</u> petition asserting ineffective assistance of counsel claims. In *Martinez*, the Court held that a <u>state imposed</u> "'<u>procedural default</u> will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the [State's] initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.'" *Trevino*, 133 S. Ct. at 1912 (quoting *Martinez*, 132 S. Ct. at 1320) (emphasis added). The bar to review in this case arises from petitioner's failure to meet the <u>federal</u> limitations deadline under the AEDPA. The *Martinez* and *Trevino* decisions do <u>not</u> address or excuse the untimely filing of a federal habeas petition. *See*, *Arthur v. Thomas*, 739 F.3d 611, 631 (11th Cir. 2014) ("Thus, we also hold that the reasoning of the *Martinez* rule does not apply to AEDPA's limitations period in § 2254 cases or any potential tolling of that period."); *Smith v. Rogers*, No. 14-0482, 2014 WL 2972884, at * 1 (W.D. La. Jul. 2, 2014); *Falls v. Cain*, No. 13-5091, 2014 WL 2702380, at *3 (E.D. La. Jun.13, 2014) (Order adopting Report). These cases also do not constitute new rules of constitutional law made retroactive on collateral review that would start a new one-year filing period under the AEDPA. *See*, *In re Paredes*, No. 14-51160, 2014 WL 5420533, at *6 (5th Cir. Oct. 25, 2014) ("... the Supreme Court has not made either *Martinez* or *Trevino* retroactive to cases on collateral review, within the meaning of 28 U.S.C. § 2244."); *Adams v. Thaler*, 679 F.3d 312, 322 n.6 (5th Cir. 2012). For these reasons, neither *Martinez* nor *Trevino* provide petitioner a basis for relief from the failure to meet the AEDPA's limitations period.

some extraordinary way from asserting his rights. *Pace*, 544 U.S. at 418-19; *see Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002).

Equitable tolling has only been extended under extraordinary circumstances outside the control of the petitioner. *See Holland v. Florida*, 560 U.S. 631, 652-53 (2010) (finding that equitable tolling was warranted where attorney was more than negligent when he failed to satisfy professional standards of care by ignoring the client's requests to timely file a federal petition and in failing to communicate with the client over a period of years in spite of the client's letters); *Hardy v. Quarterman*, 577 F.3d 596, 599-600 (5th Cir. 2009) (finding that equitable tolling was warranted where petitioner suffered a significant state-created delay when, for nearly one year, the state appeals court failed in its duty under Texas law to inform him that his state habeas petition had been denied, petitioner diligently pursued federal habeas relief, and he persistently inquired to the court.); *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002) (finding that tolling was warranted when defendant was deceived by attorney into believing that a timely motion to vacate was filed); *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) ("A garden variety claim of excusable neglect does not support equitable tolling.") (quotation omitted); *Fisher*, 174 F.3d at 715 (finding that tolling is not justified during petitioner's 17-day stay in psychiatric ward, during which he was confined, medicated, separated from his glasses and thus rendered legally blind, and denied meaningful access to the courts); *Cantu-Tzin*, 162 F.3d at 300 (finding that State's alleged failure to appoint competent habeas counsel did not justify tolling); *Davis*, 158 F.3d at 808 n.2 (assuming without deciding equitable tolling was warranted when federal district court three times extended the deadline to file habeas corpus petition beyond expiration of AEDPA grace period).

Guidera has not presented, and the record does not demonstrate, any basis for extending the extraordinary remedy of equitable tolling to the § 2244(d) calculation. The record does not contain any of the extraordinary circumstances previously recognized by the precedent cited above that would warrant equitable tolling. The record instead reflects simply that petitioner did not timely pursue state post-conviction relief or federal habeas review. There is no basis for equitable tolling in this case.

Guidera's federal petition deemed filed on November 23, 2015, which was over three years and eight months after the one-year AEDPA filing period expired on March 20, 2012, is untimely filed and should be dismissed for that reason.

## V.     Recommendation

For the foregoing reasons, it is **RECOMMENDED** that Troy Keith Guidera's petition for the issuance of a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be **DENIED** and **DISMISSED WITH PREJUDICE** as time-barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will

result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[48]

New Orleans, Louisiana, this 30th day of June, 2016.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

[48] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.